· Lewitt D. Austin v. George T. Burroughs.

*Process—Defective service of, waived by pleading and going to trial on the merits—Agent—Sales by on commission at fixed prices—Evidence admissible to show ratification of sales at reduced prices—Agent claiming authority from principal so to do, which was denied—Minor—Agreement of to sell goods on commission—Suit by to recover such compensation—At time of trial of which he was of full age—And had never sought to repudiate the contract on ground of non-age—But had sought its enforcement, before and after his majority—Inquiries on such trial, by defendant of plaintiff, whether he ever attempted to vitiate the contract on ground of infancy—Irrelevant, and its exclusion not error.*

1. By pleading and going to trial on the merits, after an adverse decision of a motion to quash a writ of attachment for defective service, defendant waives such defects, and cannot thereafter object to the manner in which he was brought into court.[1]

2. Plaintiff contracted to sell agricultural implements for defendant at prices and for a commission fixed in the contract. On the trial of a suit brought to recover his commissions on goods sold, plaintiff claimed that, in view of existing competition, defendant authorized him to sell for the *best* prices he could obtain, and agreed to allow him a *pro rata* commission, which latter agreement defendant denied.

    *Held,* that testimony tending to show defendant's ratification of sales at such *reduced* prices was admissible.

3. Where a *minor* entered into an agreement to sell goods on commission, and brought suit to recover such compensation *before* attaining his *majority,* but was of age at time of trial, and had never sought to repudiate the contract on the ground of non-age, but had sought to enforce it before and after his majority,—

---

[1] See *Gordon v. Sibley,* 59 Mich. 250.

*Held*, that defendant's inquiry of plaintiff whether he ever attempted to vitiate the contract on the ground of such infancy was irrelevant, and its exclusion not error.

Error to Washtenaw.  (Newton, J.)    Argued June 10, 1886.  Decided July 1, 1886.

Assumpsit.    Defendant brings error.    Affirmed.    The facts are stated in the opinion.

*Samuel W. Burroughs*, for appellant:

Testimony as to statements by Darnell was inadmissible. He was not a witness on the trial, had nothing to do with the contract between the parties, and was not authorized to speak or act for defendant.    His statements were pure hearsay: *Hamilton v. People*, 29 Mich. 173.

The statement by the court, in the presence of the jury, that plaintiff was an infant when he made the contract, and not bound by it, was error.    An infant must affirm or reject the *whole* contract; he cannot retain the *beneficial* portion and reject the rest: Chitty on Contracts, 153 (note).

It was error to reject the question asked plaintiff, if he ever attempted to vitiate the contract on the ground of infancy: *Dunton v. Brown*, 31 Mich. 183.

*Charles R. Whitman*, for plaintiff.

[Brief confined to a summary of the testimony and errors assigned.  No authorities cited.—REPORTER.]

CHAMPLIN, J.  In 1883 the defendant was the agent of Hoover & Gamble for the sale of their Excelsior reapers, harvesters, and self-binders; also the William Anson Wood mowing-machines.  He was also engaged in selling agricultural implements.

In May of that year, as plaintiff claims, he entered into an agreement with the defendant to sell goods, of the classes above described, for him on a commission.  In this agreement it was specified at what prices the articles should be sold, and the commissions plaintiff was to receive on such sales.

Plaintiff claims that soon after he commenced selling,

owing to active competition by agents representing other machines, he was unable to sell machines for defendant at the prices fixed in his contract with him, and that he was authorized by the defendant to sell for the best prices he could obtain, and that he should be paid commissions in proportion. The defendant denied making any alteration or variation from the original contract, or authorizing any sales for a less price than therein specified. Upon this point the testimony was submitted to the jury, and they found a verdict for the plaintiff.

The suit was commenced by attachment in justice's court, in the county of Washtenaw. The writ was issued on the twenty-ninth day of March, 1884, and was made returnable April 8, 1884. The officer, on the twenty-ninth of March, attached certain property as the property of defendant, and made return to his writ that, on the twenty-ninth day of March, A. D. 1884, he seized the goods and chattels of defendant mentioned in the inventory thereto annexed; and on the second day of April, A. D. 1884, and again on the third day of April, A. D. 1884, because the defendant could not be found in the county of Washtenaw, he left a copy of the attachment and of the inventory, duly certified by him, with Benjamin F. Joslin, in whose possession he found the said goods and chattels, the said defendant having no last place of residence within said county; and he further certified that the defendant could not be found within said county at any time up to and including the seventh day of April, A. D. 1884.

On the return-day the defendant appeared specially, and moved to dismiss the writ of attachment for the reason that there had been no service of the writ upon the defendant, nor upon his goods, and for the reason that the return to the writ was made on the twenty-ninth day of March, and no personal service was made upon defendant. In support of his motion he filed the affidavit of defendant, stating "that no service of the writ of attachment issued " by the justice "was made on the goods and chattels of the deponent, as appears by the return of the writ issued March 29, 1884;"

and "that deponent has no interest in the goods mentioned in the writ, and did not, on the twenty-ninth day of March, nor any time since, own said goods."

The motion was overruled by the justice. It appeared that after the ruling complained of was made the plaintiff filed his declaration, and the defendant then pleaded the general issue, and gave notice of set-off and recoupment.

The cause was then adjourned, and the parties on the adjourned day appeared, and proceeded to a trial on the merits, which resulted in a judgment for plaintiff.

By pleading to the merits the defendant waived any irregularity in the service of process, and he cannot therefore object to the manner in which he was brought in: *Manhard v. Schott*, 37 Mich. 234.

Error is assigned upon what occurred in a "dialogue" between the counsel for the parties, and between counsel and the court, in the opening of the case by plaintiff's counsel to the jury. We see no reason to reverse the judgment on account of what occurred upon that occasion.

Several assignments of error relate to testimony concerning what was said and done by one Darnell. It appears that Darnell was another agent of Hoover & Gamble; that he was present when plaintiff made his contract with defendant; that he assisted defendant at his warehouse in Ypsilanti in delivering machines sold by plaintiff, when Darnell was present at the sale, and knew they were sold for less than the price originally fixed by Burroughs for such machines. We have carefully examined each of these several assignments of error, and the rulings upon which they were based, and do not find any error therein.

Five assignments of error are based upon the admission of testimony tending to show that defendant ratified the sales made by plaintiff at prices less than those fixed in the original agreement with plaintiff. There was no error in the admission of such testimony.

When the agreement was entered into upon which this action was brought the plaintiff was a minor, and was such at the time of bringing the suit; but at the time of trial he

had reached his majority. He never sought to repudiate the contract on the ground of infancy, but, on the contrary, sought to enforce it both before and after coming of age. The inquiry, therefore, of defendant's counsel, as to whether he ever attempted to vitiate that contract on the ground that he was under 21 years of age, was irrelevant, and it was not error to exclude such inquiry.

Defendant sought to show, by one Young, that Darnell, as agent of Hoover & Gamble, discharged defendant as agent of the company, and appointed one Emerick as agent at Ypsilanti in his stead, as tending to show that Darnell was never subordinate to Burroughs, but that he was a superior agent of the company. The court excluded the testimony as irrelevant to the issue. This ruling was correct. Under the evidence introduced tending to show ratification by Burroughs of the plaintiff's acts, it could make no difference whether Darnell was an agent inferior or superior to defendant. If the acts were ratified, as the jury were authorized from the testimony to find they were, such subsequent ratification was equivalent to an original authority to dispose of machines at the prices he did.

We find no error in the refusal of the court to charge as requested by the defendant. The charge as given was full and fair, and presented the law of the case to the jury in a clear light.

There being no error, the judgment is affirmed.

CAMPBELL, C. J., and SHERWOOD, J., concurred. MORSE, J., did not sit.