COURSER *v.* JACKSON.

1. APPEAL AND ERROR—DEATH—NECESSITY OF SUGGESTION—SETTLEMENT OF BILL OF EXCEPTIONS.

>   On error from a judgment for a defendant who died prior to the settlement of the bill of exceptions, and whose death was not suggested on the record, the court will not review such judgment until a party is substituted whom the judgment of the court would bind.

2. ATTORNEY AND CLIENT—DEATH—AUTHORITY.

>   An attorney's authority is generally terminated by the death of the client.

Error to Montcalm; Davis, J. Submitted October 20, 1909. (Docket No. 127.) Decided December 10, 1909.

Case by Arnold Courser, by next friend, against Homer Jackson for personal injuries. A judgment for defendant is reviewed by plaintiff on writ of error. Dismissed.

*Earl F. Phelps* and *L. C. Palmer*, for appellant.

OSTRANDER, J. This cause was upon the calendar for this October, 1909, term of court, and was reached in its order on October 20th. Counsel did not appear, and but one brief, that for plaintiff and appellant, has been filed. The action is trespass on the case for damages for personal injuries alleged to have been inflicted by defendant upon the infant plaintiff. There has been no trial upon the merits, but the cause was brought on for trial at the October, 1908, term of the circuit court, where a judgment was rendered for the defendant. A motion to set aside the judgment and reinstate the case for trial was denied March 30, 1909, and later—we assume that it was on or about May 19, 1909—a bill of exceptions was settled.

On October 18 and 19, 1909, there were filed in this

court the affidavits, respectively, of counsel who appeared for defendant in the court below, from which it appears that on March 22, 1909, the defendant died, and that counsel, believing themselves to be without authority in that behalf, took no part in settling the bill of exceptions or in any proceedings thereafter had, and of that said conclusion and attitude informed counsel for appellant on or about the day that the bill of exceptions was noticed for settlement. To these alleged facts this court, by its clerk, called the attention of counsel for appellant, who had filed an affidavit and brief which do not dispute, but impliedly, at least, admit, that defendant died before exceptions were settled, and present the contention that, until counsel for the defendant suggest the death and bring upon the record the representatives of decedent, they are at liberty to proceed as though they in fact had no knowledge of defendant's death. They say, too, that counsel for defendant are not in a position to raise the question. Counsel do not raise the question. It was proper, the names of counsel for defendant appearing upon the record, that they should advise the court of the situation. It must be assumed that their authority did not survive the death of their client. Plaintiff is the moving party in this litigation, seeking to obtain a judgment—in this court a judgment reversing a judgment in favor of defendant.

This court must decline to take action in the premises until a defendant upon whom its judgment will be binding is brought upon the record.

GRANT, MONTGOMERY, MOORE, and McALVAY, JJ., concurred.