NATIONAL COAL CO. *v.* CINCINNATI GAS COKE, COAL & MINING CO.

1. PROCESS — APPEARANCE AS WAIVER — SERVICE ON NONRESIDENTS — FOREIGN CORPORATIONS.
    By a voluntary appearance and by consenting to a stipulation extending the time to plead in an action of assumpsit, on a claim that accrued outside of the State, a foreign corporation whose president was served with process while temporarily within the State waives its right to question the validity of such service, and submits itself to the jurisdiction of the court.

2. SAME — APPEARANCE — EXTENSION OF TIME — PLEA.
    The object of such stipulation extending the time to plead is consistent only with a general appearance.

Certiorari to St. Clair; Tappan, J. Submitted April 11, 1911. (Docket No. 33.) Decided June 2, 1911.

Assumpsit by the National Coal Company against the Cincinnati Gas Coke, Coal & Mining Company. An order overruling a motion to quash the service of process is reviewed by defendant on certiorari. Affirmed.

*Walsh & Walsh,* for appellant.

*May & Dingeman,* for appellee.

HOOKER, J.   The parties to the action are foreign corporations; the plaintiff being a Maryland, and the defendant an Ohio, corporation.   This action is assumpsit brought on a contract made by correspondence between their home offices.   An ordinary summons was issued from the office of the clerk of St. Clair county on the 20th day of June, 1910, and was served personally on defendant's president in said county on the same day.   On that day an affidavit in garnishment was filed in said office. Service of the writ of garnishment was duly made, and on July 13th a disclosure was filed.   A declaration was filed in the main case on July 2, 1910.   On July 21, 1910, the defendant, through its counsel, filed in said original cause a notice that Walsh & Walsh had been retained as attorneys for the defendant in said cause, and served a copy thereof on plaintiff's attorneys.   On July 30, 1910, said attorneys and plaintiff's attorneys joined in a written stipulation that the defendant's time to file a plea and notice should be extended to September 10th.

On September 7, 1910, counsel for defendant filed in said cause a motion to quash the proceedings on the ground that the court did not obtain jurisdiction over the defendant.   This motion was denied, and is here on certiorari, allowed on application of the defendant.

That a nonresident corporation may not ordinarily bring suit in this State against another nonresident corporation upon a contract which is neither made nor to be performed in this State, appears to be conceded by counsel, who cite *Grand Trunk R. Co.* v. *Wayne Circuit Judge,* 106 Mich. 248 (64 N. W. 17).   That exact question was not raised in that case.   It was there held that no provision was made by statute for the service of process upon a foreign corporation in an action brought by a resident of this State upon a cause of action which accrued in Canada.

The only question argued by counsel for the appellant appears to have been that, as no statute of this State provided for service of a summons upon a nonresident corporation, the service upon defendant's president conferred no jurisdiction of the defendant, and it is to this point only that the case cited is in point.

Assumpsit is a transitory action, and, the court having jurisdiction over that class of actions, it had jurisdiction of the subject-matter, and we understand that this is not disputed. See 11 Cyc. p. 669; *Thompson* v. *Benefit Association*, 52 Mich. 522 (18 N. W. 247); *Daniels* v. *Railway Co.*, 163 Mich. 468, 476 (128 N. W. 797), and cases cited. Should it be conceded that this was not a good service, or even that there had been no service, and could be no valid service by which a defendant nonresident corporation could be forced to submit to the jurisdiction for the reason given, it does not follow that jurisdiction cannot be obtained by its consent.

By a voluntary appearance and by consent to a stipulation extending the time within which the defendant should plead, defendant submitted itself to the jurisdiction in this instance, as the rule applies to nonresidents as well as residents. 3 Cyc. p. 516, notes 4, 5; *Thompson* v. *Benefit Association, supra.* We held in that case:

"A nonresident waives his exemption from the process of even a local court of general jurisdiction if he does not object seasonably. The circuit courts of Michigan are courts of general jurisdiction, and can take cognizance of suits on contracts, irrespective of the locality of their origin, provided the parties by service of process or otherwise are before them."

See, also, *Comrode* v. *Wayne Circuit Judge*, 79 Mich. 332–338 (44 N. W. 623, 7 L. R. A. 511); *Ferguson* v. *Oliver*, 99 Mich. 161 (58 N. W. 43, 41 Am. St. Rep. 593).

The notice of retainer filed and served was general in its nature, no limitation appearing in it. 3 Cyc. p. 504 (4), pp. 511–513. The object of the extension of time is consistent only with a general appearance. 3 Cyc. p. 507.

We think it unnecessary to discuss the claim of jurisdiction based on 3 Comp. Laws, § 10629.

The order of the circuit court is affirmed, and the cause remanded for further proceedings.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.