FISHER *v.* FISHER.

1. APPEAL AND ERROR—ERROR ASSIGNED ON CONCLUSIONS OF LAW.
    Although no exceptions were taken to the court's findings
        of fact and conclusions of law, error assigned on the
        several conclusions of law, including the final one order-
        ing judgment, *held*, in effect a claim that the findings of
        fact do not support the judgment.

2. APPEARANCE—GENERAL APPEARANCE GIVES COURT JURISDICTION.
    One who enters a general appearance or files an answer
        or plea 'in a pending cause thereby submits himself to
        the jurisdiction of the court, even though he has not been
        personally served with process.

3. APPEAL AND ERROR—FINDINGS PRESUMED TO BE SUPPORTED BY
    COMPETENT PROOF IF NOT EXCEPTED TO.
    Where no exception was taken to the court's findings of
        fact, the Supreme Court must assume that they are sup-
        ported by competent proof.

4. DIVORCE—ALIMONY—JUDGMENT IN FOREIGN STATE—"PRESENT IN
    COURT."
    Where defendant in a suit for divorce pending in another
        State sent a written statement to the district judge, but
        did not otherwise appear, the filing of said statement
        by consent of the judge, but without the consent or
        authority of defendant, did not constitute such a volun-
        tary appearance as rendered him "present in court" within
        the meaning of the statute (3 Comp. Laws 1915, § 11440),
        providing that where the party was present in court a
        decree against him for alimony in another State may be
        recovered in an action at law in this State.

5. JUDGMENT—CONSTITUTIONAL LAW—FULL FAITH AND CREDIT TO
    JUDGMENT IN FOREIGN STATE—JURISDICTION OVER PERSON.
    To entitle a judgment rendered in another State to full
        faith and credit in this State under Art. 4, § 1, of the
        Constitution of the United States, it must appear that the
        Court rendering such judgment acquired jurisdiction over
        the person of the defendant.

---

Invalidity in other State of personal judgment for alimony
against nonresident not personally served and not appearing
is discussed in notes 9 L. R. A. (N. S.) 593; L. R. A. 1917F,
1161.

On effect of unauthorized appearance of nonresident to give
jurisdiction of divorce case, see note 23 L. R. A. 287.

Error to Wexford; Lamb (Fred S.), J.    Submitted June 7, 1923.    (Docket No. 65.)    Decided July 19, 1923.

Assumpsit by Attie M. Fisher against Albert W. Fisher for alimony awarded in a decree of divorce. Judgment for defendant. Plaintiff brings error. Affirmed.

*E. J. Millington* and *W. H. Yearnd,* for appellant.

*A. W. Penny,* for appellee.

SHARPE, J.    This case was tried by the court without a jury and a judgment entered for defendant. Findings of fact and conclusions of law were made and filed.    No exceptions were taken thereto.    Defendant insists that no question is here presented because there is no assignment of error that the findings do not support the judgment.    Error is assigned on the several conclusions of law, including the final one ordering judgment.    We are persuaded that this assignment is in effect a claim that the findings of fact do not support the judgment.

The findings disclose the following facts: Plaintiff, a resident of Kansas, and defendant, a resident of Wexford county, became acquainted through a matrimonial advertisement.    They were married in April, 1913.    She lived with him, making frequent and quite prolonged visits to her old home, until October, 1918, when she announced that she would not remain longer.    An agreement was then executed by them, in which she released all claims for support and property rights in consideration of a stated sum, which he paid to her.    On April 7, 1921, plaintiff filed a petition for divorce in a district court in Kansas. Alimony was not asked for.    An order of publication was made and a copy mailed by plaintiff's attorney to

defendant. On its receipt defendant consulted a neighbor who was a notary public and a statement was prepared and signed by him and mailed to the district judge. The trial court found that this communication "was filed in said cause without defendant's consent or authority." On August 20th, by consent of the district judge, but without notice, either before or after, to defendant, plaintiff's attorney filed a reply to the so-called answer of defendant, praying that the release or property settlement be set aside "on account of duress in procuring its execution," and that "suitable orders for alimony" be made. On November 25, 1921, the case was heard on pleadings and proofs and plaintiff awarded a decree of divorce and a personal decree against defendant for $2,000 permanent alimony, $300 temporary alimony theretofore ordered but not paid, $200 attorney's fees, and costs taxed at $36.70, in all $2,536.70. This suit is brought to recover the amount so decreed.

Plaintiff's right to recover is based on the following statute (3 Comp. Laws 1915, § 11440) :

"In all cases where a decree for alimony has been rendered in another State in a case where the party against whom the decree was rendered was present in court or was personally served with process within the jurisdiction of the court, the alimony decreed upon the final hearing may be recovered in an action at law in this State, regardless of whether the same is decreed to be paid in one payment or in installments from time to time."

No claim is made that defendant was served with process within the jurisdiction of the Kansas court. Was he "present in court?" Plaintiff insists that the paper writing sent by defendant to the district judge was an appearance in the case and a submission of his person to the jurisdiction of that court and that thereafter he was "present in court" within the meaning of these words in our statute. There can be no ques-

tion that one who enters a general appearance or files an answer or plea in a pending cause thereby submits himself to the jurisdiction of the court, even though he has not been personally served with process. *Dunlap* v. *Byers*, 110 Mich. 109; *Pere Marquette R. Co.* v. *Ashley*, 221 Mich. 104; *Hempel* v. *Bay Circuit Judge*, 222 Mich. 553.

The trial court found that the paper sent to the district judge "was filed in said cause without defendant's consent or authority." On this record we must assume that this finding was supported by competent proof. It fully justified the conclusion of law that there was not such a voluntary appearance on the part of the defendant as rendered him "present in court" within the meaning of our statute.

Counsel rely on the following provision in the Constitution of the United States:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." Art. IV, § 1.

To entitle a judgment rendered in another State to a standing in the courts of this State under this provision, it must appear that the court rendering such judgment acquired jurisdiction over the person of the defendant. *Smithman* v. *Gray*, 203 Mich. 317, and cases cited.

In view of the finding of the trial court that no such jurisdiction was acquired, justified, as we cannot but conclude, by the record before us, the constitutional provision has no application.

The judgment is affirmed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.