DAINES v. TARABUSI.

1. APPEAL AND ERROR—JURISDICTION OF TRIAL COURT BEFORE SUPREME COURT.

The question of jurisdiction of the person of defendant is before the Supreme Court for decision, on review of a judgment of restitution in summary proceedings tried before the court without a jury, although no findings were filed or requested in the circuit court.

2. APPEARANCE—JURISDICTION—GENERAL APPEARANCE WAIVES DEFECTS IN PROCESS.

Defendant in summary proceedings before the circuit court commissioner, who took a general appeal to the circuit court and

entered his general appearance by attorney therein, submitted
himself to the jurisdiction of that court, and waived defects
in process.

Error to Oakland; Doty (Frank L.), J.   Submitted
January 11, 1929.   (Docket No. 94, Calendar No.
34,088.)   Decided March 29, 1929.

Summary proceedings by Mark A. Daines and an-
other against Louis Tarabusi to recover possession
of land sold on a land contract.   There was judg-
ment of restitution before the commissioner, and de-
fendant appealed to the circuit.   From judgment
for plaintiffs, defendant brings error.   Affirmed.

*Pelton & McGee,* for plaintiffs.

*Arthur E. Moore,* for defendant.

WIEST, J.   Plaintiffs declared defendant's rights
under a land contract forfeited, for default in pay-
ment, and commenced a summary proceeding before
a circuit court commissioner to obtain possession of
the land.   Before the commissioner defendant, by at-
torney, appeared specially and objected to the juris-
diction of his person under substituted service of
process, claiming the order authorizing publication
was void.   The commissioner determined that plain-
tiffs were entitled to have restitution of the prem-
ises and found the amount due under the contract.
Defendant took a general appeal to the circuit court.
When the appeal was docketed in the circuit court,
defendant entered his appearance by attorney, and,
when the case came to trial before the court without
a jury, renewed his objection to jurisdiction of his
person under the process.   Judgment was awarded
plaintiffs and defendant reviews by writ of error.

No findings were requested or filed in the circuit, and plaintiffs ask for dismissal of the writ of error on the ground that without findings there can be no review.

The question of jurisdiction of the person of defendant is here for decision, and the motion to dismiss is denied. The court had jurisdiction of the subject-matter.

When defendant, by attorney, entered his general appearance in the circuit court, he submitted himself to the jurisdiction of that court and waived defects in process. *Austin* v. *Burroughs,* 62 Mich. 181; *Gunn Hardware Co.* v. *Denison,* 83 Mich. 40; *Dunlap* v. *Byers,* 110 Mich. 109; *National Coal Co.* v. *Cincinnati Gas Coke, etc., Co.,* 168 Mich. 195; *Young* v. *Reeves & Co.,* 172 Mich. 363.

This being the sole point presented, we are constrained to affirm the judgment in the circuit court finding the amount due on the land contract and awarding plaintiffs restitution of the premises. So ordered, with costs to plaintiffs.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.