NELSON *v.* McCORMICK.

1. ATTACHMENT—WRIT IS A SUMMONS.
   A writ of attachment is a summons as well as an attachment.

2. SAME—NATURE OF PROCEEDING—PROPERTY SUBJECT TO EXECUTION.
   An attachment proceeding is strictly a proceeding *in.rem* and no property except that attached can be taken in execution, where the defendant is not personally served and does not appear in the suit.

3. SAME—GENERAL APPEARANCE—JURISDICTION IN PERSONAM.
   The entering of a general appearance by the defendant in an attachment proceeding gives the court jurisdiction *in personam* the same as if the suit had been commenced by a summons that was served (CL 1948, § 626.19).

4. APPEARANCE—GENERAL APPEARANCE—WAIVER OF QUESTIONS OF SERVICE.
   A general appearance waives all questions of the service of process, and is the equivalent to a personal service (CL 1948, § 626.19).

5. GARNISHMENT—DISMISSAL BEFORE FINAL ADJUDICATION OF PRINCIPAL CASE.
   Dismissal of garnishment proceeding before final conclusion of the principal case may not properly be done as the issues in the garnishment proceeding should come before the court having jurisdiction of the principal case only after that case has been decided.

6. ACTION—MOTION TO DISMISS—GARNISHMENT.
   Issues in a garnishment proceeding are not proper matters for decision on a motion to dismiss principal case wherein the court has jurisdiction *in personam* (CL 1948, § 628.11).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur, Attachment and Garnishment § 504.
[2] 4 Am Jur, Attachment § 9 *et seq.*
[3] 4 Am Jur, Attachment § 49.
[4] 3 Am Jur, Appearances § 35.

7. ATTACHMENT—FOREIGN DIVORCE DECREE—GARNISHMENT.
    The effect of a change in a foreign decree of divorce is a mat-
        ter for consideration when principal case in action on such
        decree in this State is heard and possibility of change in
        such decree, does not alone afford reason for dismissing at-
        tachment and garnishment proceedings, based on such de-
        cree and brought in this State, and in which principal de-
        fendant filed a general appearance (CL 1948, §§ 552.121–
        552.123, 626.19, 628.11).

Appeal from Wayne; Miller (Guy A.), J. Submit-
ted June 5, 1952. (Docket No. 32, Calendar No.
45,412.) Decided September 3, 1952.

Action commenced by writs of attachment and gar-
nishment by Margaret McCormick Nelson against
Wayne Hawthorne McCormick, Sr., for money due
under foreign divorce decree. Writs dismissed on
motion. Plaintiff appeals. Reversed and remanded.

*Larry Middleton,* for plaintiff.

*James C. Moran,* for defendant.

BOYLES, J. Plaintiff sued the defendant, her for-
mer husband, in the circuit court for Wayne county
to obtain a judgment for the amount awarded to her
against the defendant in a decree for divorce in the
State of Idaho. See CL 1948, § 552.121 (Stat Ann
§ 25.141). At the time of starting suit the plaintiff
filed simultaneous affidavits for writs of attachment
and garnishment, showing that the defendant was
not, and had not been, a resident of Michigan for 3
months immediately prior. The writs were issued
and the writ of attachment was returned not served.
The writ of garnishment was served. The garnishee
defendant filed a disclosure denying liability to the
principal defendant. After the filing of a demand
for personal examination of the garnishee defendant

he filed an amended disclosure alleging circumstances relied upon by him for claiming no liability to the principal defendant, and again denied liability.

The plaintiff filed a declaration and bill of particulars in the principal suit whereupon the principal defendant entered a general appearance by attorney, who gave notice of such appearance to the attorney for the plaintiff. Shortly afterward defendant's attorney filed a motion to dismiss the cause and gave notice of hearing thereon. The ground alleged for dismissal was that the funds in the possession of the garnishee defendant were exempt from and not subject to garnishment.

Circuit Judge Guy A. Miller heard and granted the motion, and entered an order dismissing the case. The plaintiff appeals.

The court erred in dismissing the case. The writ of attachment was a summons as well as an attachment.

"The writ [of attachment] is a summons as well as an attachment. When there is no personal service upon the defendant, and he does not appear in the suit, the proceeding is strictly *in rem,* and no property except that attached can be taken in execution. When the defendant has been personally served, or has appeared, the proceedings in the suit are to be the same in all respects as upon the return of a summons personally served in a suit commenced by summons." *Bower* v. *Town,* 12 Mich 229.

See, also, *John D. Gruber Co.* v. *Montcalm Circuit Judge,* 183 Mich 477.

The entering of a general appearance by the principal defendant gives the court jurisdiction *in personam.* Jurisdiction of the principal suit *in personam* was conferred on the court by the entering of a general appearance by the defendant. CL 1948, § 626.19 (Stat Ann § 27.1779).

"A general appearance waives all questions of the service of process, and is equivalent to a personal service." *Hempel* v. *Bay Circuit Judge* (syllabus), 222 Mich 553.

See, also, to the same effect, *National Coal Co.* v. *Cincinnati Gas Coke, Coal & Mining Co.*, 168 Mich 195; *Fisher* v. *Fisher*, 224 Mich 147; *Daines* v. *Tarabusi*, 246 Mich 419; *Republic Automobile Insurance Co.* v. *Maedel*, 253 Mich 663; *Ward* v. *Hunter Machinery Co.*, 263 Mich 445; *Fraser* v. *Collier Construction Co.*, 305 Mich 1.

The court also erred in dismissing the garnishment suit before the principal case came to final conclusion. The issues in the garnishment suit should come before the court having jurisdiction of the principal case only after that case was decided. The procedure for joining issue, and final judgment in the garnishment suit, is plainly set forth in the statute. Those issues are not proper matters for decision on a motion to dismiss the principal case wherein the court has jurisdiction *in personam*.

"The affidavit for the writ of garnishment shall be held and considered as a declaration by the plaintiff against the garnishee as defendant; * * * And thereupon a statutory issue shall be deemed framed for the trial of the question of the garnishee's liability to the plaintiff. At any time after final judgment against the defendant in the principal cause, judgment may be rendered against such garnishee defendant, on plaintiff's motion to the court with such notice to the garnishee defendant as is provided by the rules of the court for the giving of notice of the hearing of motions: Provided, however, If such plaintiff or such garnishee defendant shall within 10 days after filing of such disclosure, answer, or statement, file with the clerk of such court a demand for trial of the cause, said cause shall stand for trial in the manner provided by this act. A jury may be

had on demand of either party." CL 1948, § 628.11 (Stat Ann 1951 Cum Supp § 27.1865).

See, also, *Hayes* v. *Ross,* 236 Mich 208.

In an opinion filed by him the circuit judge speculated on the effect which a change in the Idaho decree might have in the principal suit here involved, and referred to our recent decision in *Sonenfeld* v. *Sonenfeld,* 331 Mich 60, as his ground for considering such uncertainty. The effect of a change in the Idaho decree might. be a matter to be considered when the principal suit is heard; and the answer to the trial court's confusion as to that matter may readily be found in the statute. See CL 1948, §§ 552.121–552.123 (Stat Ann §§ 25.141–25.143). The *Sonenfeld Case, supra,* which was a contempt proceeding for nonpayment of alimony, has no bearing on the question here for decision, namely, did the court err in dismissing this case.

The order dismissing the case is set aside and the case remanded for further appropriate proceedings in the principal suit; and, if judgment for plaintiff is entered therein, then for further proceedings or trial of the statutory issues involved in the garnishment suit.

Reversed and remanded. Costs to appellant.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.