WRIGHT *v.* ESTATE OF TREICHEL

1. ATTORNEY AND CLIENT—REPRESENTATION OF ESTATE.
   An attorney's representation of a person during that person's lifetime does not give the attorney the authority to act on behalf of the person's estate.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 71 Am Jur 2d, Attorneys at Law § 141.
[4]  7 Am Jur 2d, Attorneys at Law § 119.
[5]  31 Am Jur 2d, Executors and Administrators §§ 714, 718.
[6, 7]  7 Am Jur 2d, Attorneys at Law § 112 *et seq.*
[8]  31 Am Jur 2d, Executors and Administrators § 738.

2. Attorney and Client—Termination of Relationship—Client's Death.

> The authority of an attorney is revoked and the attorney-client relationship is terminated when the client dies.

3. Attorney and Client—Termination of Relationship—Death of Administrator.

> The death of the administrator of an estate terminated the authority of the attorney representing the administrator to act further on behalf of the estate where it was the administrator who hired the attorney and it was for the administrator, not the estate itself, for whom the attorney was employed; the attorney had no official capacity with respect to the estate.

4. Process—Service—Attorney and Client.

> Service of process on an attorney who had represented the administrator of an estate was ineffective to give a court jurisdiction over the estate where the administrator of the estate, who had hired the attorney and for whom the attorney worked, had died before the attorney was served.

5. Executors and Administrators—Service of Process—Administrator's Death—Successor Administrators.

> Plaintiffs' contention that if they were not allowed to serve the attorney for an estate whose administrator had died they would be without legal remedy in that there was no one who could be served with process is without merit because, as provided by statute, plaintiffs simply had to petition the court for the appointment of a successor administrator who, once appointed, could be served with process (MCLA § 702.51).

6. Appearance—Unauthorized Appearance—Defective Service—Waiver.

> An unauthorized general appearance of an attorney is ineffective for any purpose, including the waiver of defects in the service of process.

7. Appearance—Unauthorized Appearance—Defective Service—Waiver.

> The general appearance of an attorney on behalf of an estate did not subject the estate to the court's jurisdiction and did not waive the defects in the service of process upon the attorney where the attorney had been hired and had worked for the administrator of the estate, not the estate itself, and the administrator had died before the attorney was served.

8. LIMITATION OF ACTIONS — ESTATE WITHOUT ADMINISTRATOR — TOLLING OF STATUTE.

> The statute of limitations is tolled during the time when an estate is without an administrator (MCLA §§ 600.5852, 708.20).

Appeal from Wayne, John B. Swainson, J. Submitted Division 1 June 15, 1971, at Detroit. (Docket No. 8910.) Decided September 27, 1971. Rehearing granted November 10, 1971, and remanded for further evidence.

Complaint by Ward Wright and Viola Wright against the Estate of Arthur Treichel for damages for injuries received in an automobile accident. Defendant's motion for accelerated judgment denied. Defendant appeals by leave granted. Reversed.

*Moore, Sills, Poling & Wooster* (by *William G. Sinn* and *Thomas A. Law*), for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (by *Jeannette A. Paskin*), for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

T. M. BURNS, P. J. Plaintiffs were injured in an automobile accident on July 21, 1966, in which the driver of the other car, Arthur Treichel, was killed. Plaintiffs filed the complaint in this action on July 2, 1969, against Arthur Treichel's estate[1] alleging $160,000 in damages.

On July 5, 1969, a copy of the complaint and summons was served upon George Johnson, the probate judge of Gladwin County and the alleged

---

[1] It should be noted that an estate is not a proper party to a lawsuit but rather the administrator or executor is the proper party plaintiff or defendant.

attorney for the estate. The administrator of the estate had died before the commencement of this action and no new administrator had been named.

On August 18, 1969, George Johnson entered a general appearance in this matter on behalf of the estate. On September 4, 1969, defendant moved for an accelerated judgment for the reason that service of process upon George Johnson was not proper and, therefore, the circuit court was without jurisdiction.

The trial court denied defendant's motion for an accelerated judgment. On May 19, 1970, this Court granted leave to appeal. We will discuss the issues raised by the defendant in the order presented.

1. *Whether George Johnson, an attorney who entered a general appearance on behalf of the defendant estate, had authority to act on behalf of the estate after the administrator died.*

Plaintiffs contended that George Johnson had authority to represent the estate because he had represented the deceased during his lifetime and had represented the deceased's estate prior to the administrator's death. Defendant contends that neither of these facts gave Johnson such authority.

First, it is clear that Johnson's prior representation of Arthur Treichel during his lifetime did not give him the authority to act on behalf of the estate. The rule in Michigan is that the authority of an attorney is revoked and the attorney-client relationship is terminated when the client dies. *Doty* v. *Dexter* (1886), 61 Mich 348; *Courser* v. *Jackson* (1909), 159 Mich 119. See generally, 7 CJS, Attorney and Client, § 113, p 945.

Second, it is also our opinion that the death of the administrator terminated the authority of Johnson to act further on behalf of the estate. It was

the administrator who hired Mr. Johnson and it was for him, not the estate itself, for whom Mr. Johnson was employed. The death of the administrator terminated the attorney-client relationship and Mr. Johnson no longer had any authority to act on behalf of the estate. Therefore, since Mr. Johnson had no official capacity with respect to the estate, the service of process upon him was defective and no jurisdiction over the estate was obtained.

Plaintiffs contend, however, that if they could not serve the attorney for the estate in this case, they would be without legal remedy since there was no administrator conducting the affairs of this estate. However, MCLA § 704.51 (Stat Ann 1962 Rev § 27.3178[302]) provides for the appointment of successor fiduciaries where a fiduciary dies.[2] The statute provides in part:

"The successor shall be appointed in the manner prescribed by this act for the appointment of fiduciaries."

MCLA § 702.51 (Stat Ann 1962 Rev § 27.3178 [121]) provides for the appointment of administrators. Under that section, plaintiffs are entitled to petition the probate court for the appointment of an administrator. Therefore, plaintiffs' contention that unless allowed to serve the estate's attorney they were without remedy is without merit. They simply had to petition the court for the appointment of a successor administrator who, once appointed, could be served with process.

We therefore hold that the service of process upon Mr. Johnson, an attorney for the estate, was defective and no jurisdiction over the estate was obtained.

---

[2] The term "fiduciary" includes an administrator of an estate under MCLA § 704.1 (Stat Ann 1962 Rev § 27.3178[251]).

2. *Whether the general appearance by George Johnson on behalf of the estate waived the defects in the service of process.*

Plaintiffs contend that even if the service of process did not obtain jurisdiction over the estate, the general appearance by Mr. Johnson on behalf of the estate waived the defects in service thereby subjecting the estate to the jurisdiction of the circuit court.

While a general appearance by a defendant or his attorney usually waives defects in service of process,[3] it is generally the rule that an unauthorized appearance is ineffective for any purpose. See *Hanzes* v. *Flavio* (1920), 234 Mass 320 (125 NE 612); *Cf. Fisher* v. *Fisher* (1923), 224 Mich 147. See generally 6 CJS, Appearances, § 25, p 68.

In the instant case there could be no authority, either expressed or implied, enabling Johnson to enter an appearance for the estate because the administrator, from whom such authority must come, had expired. As a consequence, Johnson's appearance was ineffective to bind the estate for any purpose. Therefore, the defects in the service of process were not waived.

Since we have held that the service of process upon Mr. Johnson was defective and that the general appearance on behalf of the estate did not cure the defects, the trial court's denial of the motion for accelerated judgment must be reversed.

Plaintiffs have, however, requested this Court to rule that the statute of limitations has been tolled during the course of these proceedings.

MCLA § 600.5856 (Stat Ann 1962 Rev § 27A-.5856) demands that before the statute is tolled,

---

[3] See *Austin* v. *Burroughs* (1886), 62 Mich 181; *Nelson* v. *McCormick* (1952), 334 Mich 387.

jurisdiction must be acquired over the defendant in some form.  However, under MCLA § 600.5852 (Stat Ann 1962 Rev § 27A.5852) the plaintiffs had two years from the date on which letters of administration were filed to commence suit.

In the instant case the administrator died after having served only 3–1/2 months.  Since we have already held that an administrator is essential to obtaining jurisdiction over an estate, it is our conclusion that, in this case, the statute is tolled during the time when the estate is without an administrator.  Therefore, in the instant case, the plaintiffs will have 20–1/2 months to start suit after a new administrator is appointed subject only to the six-year limit on all claims against an estate provided for in MCLA § 708.20 (Stat Ann 1962 § 27.3178 [430]).

Reversed.

All concurred.