# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF GAYLE PEARSON, by
DEMETRIUS PEARSON, Personal
Representative,

        Plaintiff-Appellee,

v

CITY OF RIVER ROUGE,

        Defendant-Appellant.

UNPUBLISHED
September 15, 2016

No. 327581
Wayne Circuit Court
LC No. 13-014154-NO

Before: CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

Defendant, the City of River Rouge, appeals as of right an order denying its motion for summary disposition. We affirm.

The decedent, Gayle Pearson, fell into an uncovered manhole located in the City of River Rouge. Gayle sustained injuries to her knee and finger and subsequently underwent knee surgery. During recovery from surgery, Gayle developed a pulmonary embolism, and died. Gayle's estate filed a complaint for negligence and wrongful death against defendant. Plaintiff's claim invoked the "highway exception" for governmental immunity, MCL 691.1402. Defendant filed a motion for summary disposition, challenging the adequacy of the statutorily mandated notice of claim. The trial court denied defendant's motion, leading to this appeal.

We first address plaintiff's jurisdictional challenge. MCR 7.203(A)(1) provides for an appeal as of right when a trial court denies a motion for summary disposition based on governmental immunity. Plaintiff asserts that this Court lacks jurisdiction to hear an appeal as of right, asserting that governmental immunity under the highway exception and the notice requirement are distinct and independent. We disagree. The notice requirement is inextricably linked to the assertion of governmental immunity, and a defense frequently raised in conjunction with a motion of summary disposition regarding governmental immunity. See *McLean v City of Dearborn*, 302 Mich App 68, 70, 73-82; 836 NW2d 916 (2013) ("Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (10) on the grounds of governmental immunity[,]" challenging the sufficiency of the notice pursuant to MCL 691.1404.). Indeed, plaintiff offers no authority to suggest otherwise. Accordingly, we reject plaintiff's claim.

Defendant argues that the trial court erred in denying its motion for summary disposition because the notice of claim was defective and inadequate. We disagree.

-1-

"This Court reviews decisions on motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law." *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 245; 590 NW2d 586 (1998). "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by immunity granted by law." *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 482; 722 NW2d 906 (2006). The applicability of governmental immunity and its statutory exceptions are also reviewed de novo. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). Summary disposition is proper where no relevant factual dispute exists regarding whether a claim is barred pursuant to MCR 2.116(C)(7). *Id*.

Plaintiffs' complaint involves the "highway exception" to governmental immunity. In order to invoke the exception, an injured person must timely notify the governmental agency having jurisdiction over the roadway of the occurrence of the injury, the injury sustained, the nature of the defect, and the names of known witnesses. MCL 691.1404(1); *Rowland v Washtenaw County Rd Comm*, 477 Mich 197, 200, 203-204, 219; 731 NW2d 41 (2007); *McLean*, 302 Mich App at 74. MCL 691.1404(1) provides:

> As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

On, November 24, 2013, plaintiff served a notice of claim on defendant, which provided:

> PLEASE TAKE NOTICE that pursuant to the provisions of MCLA 691.1404, notice is given to you that GAYLE PEARSON suffered personal injuries as a result of a defect on a street under your care, control and jurisdiction on August 7, 2013, at approximately 6:00 am . . . As a result of the accident, Gayle Pearson did suffer injuries including but not limited to, a fractured left pinky finger and a torn MCL/ACL, of the right knee as well as a left knee injury.

On appeal, defendant challenges the notice of claim as defective and inadequate.

First, defendant argues that, at the time the notice was served, plaintiff's attorney lacked a judicially cognizable client. In other words, plaintiff's attorney acted with no client. Defendant relies on *Wright v Estate of Treichel*, 36 Mich App 33; 193 NW2d 394 (1971), which held: "The rule in Michigan is that the authority of an attorney is revoked and the attorney-client relationship is terminated when the client dies." *Id*. at 36. *Wright* has been relied on for the proposition that an attorney's authority terminates when their client dies. *Henritzy v Gen Elec Co*, 182 Mich App 1, 7-8; 451 NW2d 558 (1990), citing *Wright*, 36 Mich App at 36 ("[I]t has been stated that the rule in Michigan is that the authority of an attorney is revoked when the attorney-client relationship is terminated when the client dies."); *Tokar v Albery*, 258 Mich App

350, 351 n 1; 671 NW2d 139 (2003), citing *Henritzy*, 182 Mich App at 7-8 ("[D]ecedent's attorney was without authority to act on behalf of decedent or [the] defendant when he filed the motion because the motion was filed after decedent's death, but before the probate court issued letters of authority.").

Defendant's attempt to strictly enforce this general proposition of law is unconvincing. Initially, we note the inequitable result that would occur if we agreed with defendant. If Gayle's attorney had not served notice on defendant before appointment of the personal representative, the time period for serving the notice pursuant to MCL 691.1404(1) would have been exceeded, and the rights of Gayle's estate would have been compromised. Further, the strict interpretation of *Wright* advocated by defendant fails to take into consideration other principles in Michigan law, which would allow greater leniency and ultimately protect plaintiff's rights. First, as plaintiff asserts, nothing in MCL 691.1404 requires that an authorized agent serve the notice on the government agency. While we would certainly agree that a lawsuit or legal action requires proper legal authority, we are not convinced that the same standard applies when serving the notice, especially under these circumstances, where the alleged lack of authority was based primarily on technicality and timing. Thus, we are not convinced that an authorized agent was required to serve notice on defendant. Additionally, while representation may terminate upon the death of a client, we agree with plaintiff that an attorney's ethical obligation may not end there. Indeed, upon the termination of the attorney-client relationship, "a lawyer shall take reasonable steps to protect a client's interests." MRPC 1.16(d). Finally, as plaintiff argues, agency law principles generally guide issues concerning the attorney-client relationship because an attorney is an agent for his or her clients. See *Nelson v Consumers Power Co*, 198 Mich App 82; 497 NW2d 205 (1993) (applying principles of agency law to attorney-client matters). In that context, Michigan courts have approved the use of ratification. Ratification occurs when, with knowledge of the material facts, the principal accepts the benefits of the unauthorized act. *Echelon Homes, LLC v Carter Lumber Co*, 261 Mich App 424, 432; 683 NW2d 171 (2004), rev'd in part on other grounds 472 Mich 192 (2005); 3 Restatement, 3d, § 4.01, p 304. In *Henritzy*, this Court applied ratification principles and concluded that a deceased plaintiff's successor in interest could ratify the actions of an attorney who entered into a settlement agreement before he learned that the plaintiff had died. *Henritzy*, 182 Mich App at 7-9. The Court held:

> The Court is of the opinion that, under principles of agency law, the subsequent ratification of the settlement agreement by Plaintiff's personal representative was effective. Thus, the parties should be bound by the terms of the settlement agreement, even though Plaintiff's death occurred prior to the time the agreement was placed on the record. [*Id*. at 7.]

Here, Gayle hired plaintiff's attorney to bring an action against defendant for her injury. Subsequently, Gayle died. Plaintiff's attorney served notice on defendant, thereby protecting the estate's interests. A personal representative was later appointed, and ratified the actions of plaintiff's attorney, permissible based on Michigan law. Admittedly, in *Henritzy* the attorney did not yet know that his client had died. *Id*. at 9. However, we do not believe that was a determining factor in the result reached by this Court or a requirement for application of the ratification principle.

Overall, defendant attempts to prosper from the small lapse in time between Gayle's death and the appointment of a personal representative. The appointment of a personal representative is not instantaneous, and given the 120-day notice requirement, if we agreed with defendant, Gayle's estate would certainly have been left with little to no options. For these reasons, we reject defendant's claim.[1]

Defendant also argues that plaintiff failed to comply with MCL 691.1404(1) in its description of the injury suffered by Gayle. MCL 691.1404(1) requires that the notice "specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant." The notice described the injuries as "a fractured left pinky finger and a torn MCL/ACL, of the right knee as well as a left knee injury." Defendant argues that the notice did not sufficiently describe the injury because it did not reveal Gayle's surgery and subsequent death. Notably, defendant cites no legal authority for its position. Argument must be supported by citation of appropriate authority or policy. MCR 7.212(C)(7); *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 626-627; 750 NW2d 228 (2008).

The purposes of requiring notice are to provide the governmental agency with an opportunity to investigate the claim while it is fresh and to remedy the defect before another person is injured. *Plunkett v Dep't of Transp*, 286 Mich App 168, 176-177; 779 NW2d 263 (2009). The notice need not be provided in a particular form. It is sufficient if it is timely and contains the requisite information. *Burise v City of Pontiac*, 282 Mich App 646, 654; 766 NW2d 311 (2009). This Court has held a notice to be inadequate where injuries were described with only vague terms. *McLean*, 302 Mich App at 77 (holding that "significant injuries" was an insufficient description of the nature of plaintiff's injuries).

Here, the notice described Gayle's injuries sustained during her fall—an injury to her left finger and knees. The knee injury required surgery, from which Gayle died. The statute does not require that a claimant provide notice of harm arising from medical treatment of injuries. The notice described, specifically, the injuries sustained by Gayle during her fall, which was sufficient to meet the statutory requirements. Accordingly, defendant's claim fails.

---

[1] In its amended brief on appeal, plaintiff asserts an entirely new argument that, pursuant to MCL 691.1404(3), Gayle was incapable of providing notice to defendant. Thus, plaintiff had 180 days after the appointment of the personal representative to provide notice. *Blohm v Emmet Co Bd of Co Rd Com'r*s, 223 Mich App 383, 387; 565 NW2d 924 (1997) (holding that "the time limit of 180 days set forth in [MCL 691.1404(3)] applies once the disability of death is removed by the appointment of a personal representative."). Plaintiff contends that the complaint for this action acted as notice pursuant to MCL 691.1404(1). While potentially meritorious based on *Blohm*, plaintiff's argument was raised for the first time on appeal and was not preserved. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005). Thus, we base our disposition of the case on the arguments raised in the trial court.

Affirmed.  Plaintiff, the prevailing party, may tax costs.  MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood