# STATE OF MICHIGAN

# COURT OF APPEALS

SONJA FAITH MOFFETT,

      Plaintiff-Appellee,

UNPUBLISHED
June 8, 2017

v

DAVID JEMMOTT, JR.,

      Defendant-Appellant.

No. 330900
Oakland Circuit Court
LC No. 2015-833754-DP

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right from the trial court's order denying his motion to set aside a default judgment of filiation asserting that the trial court lacked personal jurisdiction over him. We affirm.

The Oakland County Prosecutor, on behalf of plaintiff filed a paternity action against defendant in the Oakland Circuit Court declaring that plaintiff's son was living with her in Oakland County, Michigan, was conceived in March 1999 in Virginia Beach City, Virginia, and that defendant, who was still residing in Virginia, was the father of the child. Plaintiff requested that a judgment of filiation be entered establishing paternity and declared that the Oakland Circuit Court had jurisdiction over the complaint pursuant to MCL 552.1201. It is uncontested that the summons and complaint were served on defendant via certified mail at his address in Virginia. On October 5, 2015, plaintiff filed an affidavit for default stating that defendant failed to appear, plead, or otherwise defend as provided by law and that more than 28 days had elapsed since the date of service on August 19, 2015. On October 6, 2015, plaintiff moved for entry of a default judgment of filiation and a uniform child support order pursuant to MCR 3.210(B)(4)(b)(ii). Plaintiff notified defendant that the motion for entry of the default judgment without hearing would be presented to the trial court on October 26, 2015.

Until this point, defendant had not answered or responded to the litigation. However, on October 19, 2015, after plaintiff moved for default, defendant signed and dated an order for genetic testing that had been sent to him by the prosecutor. The order provided that both parties and the minor child would submit to genetic testing, that the results would "be admissible as evidence in this case," and that the "Default Order of Filiation Final Judgment and Uniform Child Support Order to be entered on 10-26-2015 shall remain in full force and effect."

-1-

Defendant also sent a letter to both the prosecutor and the trial court titled "Motion to Continue or/forward Matter Back to the State of Virginia" wherein he stated:

> As I have always stated and tried to obtain in the past and now at this present time, to only be given the right of a genetic testing procedure without prejudice, in order for the Court to rule accurately and by having all information needed to do so, such as DNA testing, employment, income and medical verification before any final order is made. The information needed is attached.

Thereafter, on November 4, 2015 the trial court found that it had personal jurisdiction over the parties, found defendant in default, and entered a default judgment of filiation along with a final judgment and child support order. Defendant then retained counsel and sought to have the default judgment set aside on the basis that the circuit court lacked personal jurisdiction over him. The trial court relying on *Deeb v Berri*, 118 Mich App 556; 325 NW2d 493 (1982), denied defendant's motion concluding that defendant waived the right to contest the circuit court's personal jurisdiction when he signed the order for genetic testing.

"Before a court may obligate a party to comply with its orders, the court must have in personam jurisdiction over the party." *Oberlies v Searchmont Resort, Inc*, 246 Mich App 424, 427; 633 NW2d 408 (2001).[1] However, personal jurisdiction is a "waivable right," and "there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court." *Burger King Corp v Rudzewicz*, 471 US 462, 472 n 14; 105 S Ct 2174; 85 L Ed 2d 528 (1985) (internal quotations and citations omitted). Pursuant to the Uniform Interstate Family Support Act (UIFSA), MCL 552.1101 *et seq.*, which was in effect at the time of this case,[2] an individual could submit to the jurisdiction of the State of Michigan "by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving a contest to personal jurisdiction." MCL 552.1201(b).[3] In the present case, plaintiff and the trial court contend that defendant waived the right to contest the circuit court's personal

---

[1] Personal Jurisdiction is often subdivided into two categories, general personal jurisdiction and limited personal jurisdiction. See *Oberlies*, 246 Mich App at 427. "The exercise of general jurisdiction is possible when a defendant's contacts with the forum state are of such a nature and quality as to enable a court to adjudicate an action against the defendant, even when the claim at issue does not arise out of the contacts with the forum." *Id*. Additionally, limited personal jurisdiction exists where jurisdiction is both authorized by Michigan's long arm statute and where the exercise of such jurisdiction "is consistent with the requirements of the Due Process Clause of the Fourteenth Amendment." *Yoost v Caspari*, 295 Mich App 209, 222; 813 NW2d 783 (2012).

[2] The UIFSA, MCL 552.1101 *et seq.*, was in effect until December 31, 2015, and was replaced by MCL 552.2101 *et seq.* 2015 PA 255.

[3] MCL 551.1201(b) was replaced with MCL 552.2201(b), which states, "The individual submits to the jurisdiction of this state by consent in a record, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction." 2015 PA 255.

jurisdiction and submitted to the jurisdiction of the circuit court when he executed the genetic testing order. Thus, the relevant inquiry in this case is whether this action on the part of defendant constitutes a "general appearance" under MCL 552.1201(b) such that it operates as an action on his part submitting to or acknowledging the circuit court's personal jurisdiction over him in this action.[4]

"The entering of a general appearance by the principal defendant gives the court jurisdiction *in personam.*" *Nelson v McCormick*, 334 Mich 387, 389; 54 NW2d 694 (1952). Two requirements must be met to render an act adequate to support the inference that it constitutes a general appearance: (1) knowledge of the pending proceedings and (2) an intent to appear. *Ragnone v Wirsing*, 141 Mich App 263, 265; 367 NW2d 369 (1985). "This Court has held that 'appear' as it is used in default proceedings should be taken in its generic sense as any act of a party acknowledging jurisdiction of a court or invoking court action on his behalf." *Id.* at 265 (internal quotations and citations omitted). This Court has also stated that "any action on the part of defendant, except to object to the jurisdiction over his person which recognizes the case as in court, will constitute a general appearance." *Deeb*, 118 Mich App at 564 (internal quotations and citation omitted).

In this case, defendant sent a letter to the trial court seeking to obtain the right to a genetic testing procedure. The prosecutor also sent defendant a genetic testing order. The language of that order indicates that defendant agreed (1) to submit to genetic testing at the dates, times, and places chosen by the prosecutor; (2) that the results of the genetic testing would be admissible as evidence in the case against him in Michigan; (3) that the State of Michigan would initially pay for the genetic testing pending results of the test; (4) that a default order of filiation, final judgment, and uniform child support order would be entered by the circuit court; (5) that the default order of filiation, final judgment, and uniform child support order would remain in effect pending further action by the circuit court; and (6) that Michigan's Paternity Act, MCL 722.711 *et seq.*, would be the law applied to determine paternity in the case. Defendant signed the genetic testing order agreeing to all of its terms and in no way objecting to any of them or to the jurisdiction of the circuit court on the face of the order. By his actions in both sending the letter requesting the right to a genetic test and signing the genetic testing order, it is clear that defendant was aware of the pending paternity case against him in Michigan, that he intended to appear and participate in the proceedings, and that he submitted to application of the laws of the State of Michigan in the paternity case against him. For these reasons, we conclude that defendant's execution and submission of the genetic testing order constitutes a general appearance under MCL 552.1201(b) and is, therefore, a submission to the circuit court's personal jurisdiction over him.

Because defendant failed to show that the circuit court lacked personal jurisdiction over him, the circuit court did not abuse its discretion when it denied his motion to set aside the default judgment. Furthermore, to the extent the default order and accompanying child support

---

[4] We review whether a circuit court has properly obtained personal jurisdiction over defendant de novo. *In re Dearmon*, 303 Mich App 684, 693; 847 NW2d 514 (2014).

order do not reflect defendant's current circumstances or ability to pay, he is not without remedy. As acknowledged by plaintiff in her brief on appeal, should defendant believe that there exists a substantial change from those circumstances presented in the default order and accompanying child support order, he can file a motion for a modification of the child support order and a request for a hearing. See *Lemmen v Lemmen*, 481 Mich 164, 167; 749 NW2d 255 (2008) (stating that the trial court has the ability to make modifications to child support orders when such modifications are necessary); MCL 552.517b(8).

Affirmed.


/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro