*In re* RANKIN.

1. WITNESSES—BAIL—DETENTION OF MATERIAL WITNESS—HOMICIDE.
    Requirement that material witness in prosecution for first-degree murder furnish bail was justified, where it appears that after she had told police that accused was with her at her home at time of the homicide, and it later appeared that such statement was untrue and she then disappeared for 2 days and failed to give testimony when afforded opportunity to do so at a hearing, such conduct making it appear that she was trying to shield a person charged with a serious crime (CL 1948, § 767.35).

2. HABEAS CORPUS—QUESTIONS REVIEWABLE—BAIL FOR MATERIAL WITNESS IN PROSECUTION FOR HOMICIDE.
    Whether or not bail of $25,000 for appearance of material witness in prosecution for first-degree murder was excessive, is not discussed on her application for habeas corpus, where at preliminary examination of accused man, her bail was reduced to $10,000 and, on subsequent motion of her attorney, to $1,000, a reasonable amount.

Habeas corpus by Rose Rankin with accompanying certiorari to Recorder's Court for the City of Detroit to test legality of her confinement as a material witness. Submitted January 30, 1951. (Calendar No. 44,884.) Writs dismissed April 3, 1951.

*Harry H. Anbender,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,*

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses, § 10.
[2] 25 Am Jur, Habeas Corpus, § 88.

Prosecuting Attorney, and *Michael A. Guest,* Assistant Prosecuting Attorney, for the people.

BUTZEL, J. On July 12, 1950, one Vivan Stanley was a victim of homicide. Samuel Sampson was arrested and charged with murder in the first degree. Rose Rankin, petitioner, who was sought by the Detroit police as a material witness, appeared at police headquarters with her attorney on July 14th. The circumstances are hereinafter set forth.

On July 18th, in the recorder's court of the city of Detroit, after hearing, Mrs. Rankin was held as a material witness until she furnished a bail bond of $25,000. See CL 1948, § 767.35 (Stat Ann § 28.975). She thereupon filed a petition for writs of habeas corpus and certiorari and immediate bail in this Court, and we issued writs of habeas corpus and certiorari. A petition for bail by this Court was held in abeyance without prejudice to the authority of the trial court to modify or set aside its previous order. In the petition for the writs, petitioner averred her willingness to furnish a reasonable bail bond to assure her appearance. At Sampson's examination on July 22d, Mrs. Rankin's bail was reduced to $10,000. The bond was posted and she was released. On July 31st, her attorney petitioned the lower court to further reduce her bail to $1,000. This petition was granted.

Two questions are raised by the petitioner: First, Was there any showing that there was danger of the loss of Mrs. Rankin's testimony if no bond was required? And Second, Was the $25,000 bail excessive?

At the original hearing the following facts were shown. When the homicide was discovered, Mrs. Rankin was questioned very shortly thereafter and she told the police that Sampson was with her at her home at the alleged time of the homicide. She was

then released. When it became apparent that she had not told the truth, the police wanted to question her again, but could not find her. for 2 days. She then surrendered.

At the hearing on July 18th, Mrs. Rankin appeared with her attorney and was afforded an opportunity to testify. She did not avail herself of this opportunity. Consequently there was nothing before the court as to her residence and circumstances upon which she now relies to establish her claim that it was not necessary to detain her, except the unsupported affidavit of her attorney, which was largely hearsay. Her disappearance for 2 days, the natural inference that she was trying to shield a person accused of a serious crime, and her conduct in making statements that appeared to be false justified the apprehension that she might not be available as a material witness when her testimony might become necessary. The court properly required bail under these circumstances.

Petitioner's second question has become moot through the further action of the trial court in reducing her bail. The bond was reduced to a reasonable amount and Mrs. Rankin is not in actual custody. We find it unnecessary to further discuss the question of the excessive amount of the bail.

The writs are dismissed.

REID, C. J., and BOYLES, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.