*In re* SPRINGSTEAD.

SHUMWAY *v.* KALAMAZOO STATE HOSPITAL
MEDICAL SUPERINTENDENT.

1. PROCESS—SERVICE ON INMATE OF JAIL.
   The mere fact that a person is in jail or prison under a criminal
   charge or sentence furnishes no exemption against the service
   of civil process on him.

2. SAME—IMPRISONMENT.
   An imprisoned person is subject to be sued and prosecuted to
   judgment, and proceeded against in all the modes prescribed
   by law to enforce civil remedies, the same as if he were at
   large.

3. INSANE PERSONS—SERVICE OF NOTICE OF SANITY HEARING.
   The service of notice of petition to adjudge person mentally ill
   was valid, although made while he was confined in county jail
   on a charge of reckless use of firearms.

4. HABEAS CORPUS—INSANE PERSONS—SCOPE OF REMEDY.
   Habeas corpus is not a proceeding in which the Supreme Court
   may determine whether or not the petitioner was insane at
   the time of commitment or whether he had regained sanity
   after commitment, the appropriate remedy for the latter de-
   termination being a petition addressed to the probate judge
   who committed him (CLS 1954, § 330.39).

Appeal from Kalamazoo; Sweet (Lucien F.), J.
Submitted October 4, 1956. (Docket No. 43, Calen-
dar No. 46,962.) Decided February 28, 1957.

REFERENCES FOR POINTS IN HEADNOTES
[1] 42 Am Jur, Process §§ 104, 138.
[2] 41 Am Jur, Prisons and Prisoners § 39.
[3] 28 Am Jur, Insane and Other Incompetent Persons § 14.
[4] 28 Am Jur, Insane and Other Incompetent Persons § 38.

Petition by Vivian Shumway on behalf of Russell Springstead for writ of habeas corpus with ancillary writ of certiorari challenging validity of detention by defendant Roy A. Morter, Medical Superintendent of Kalamazoo State Hospital. Petition dismissed. Plaintiff appeals. Affirmed.

*Edward James Kenney, Jr.,* for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara* and *Perry A. Maynard,* Assistants Attorney General, and *John H. Spelman,* Prosecuting Attorney, Berrien County, for defendant.

KELLY, J. Russell Springstead was arrested (April 21, 1952) on a charge of reckless use of firearms. He was held in the Berrien county jail until May 23, 1952, when under order of the Berrien county probate judge he was committed to the Kalamazoo State Hospital.

On May 23, 1955, a petition for writ of habeas corpus and for ancillary writ of certiorari was filed in the circuit court for the county of Kalamazoo. The trial court dismissed the petition and denied a motion for new trial and rehearing.

Russell Springstead, while confined in the Berrien county jail, was personally served with notice of a petition filed in the Berrien county probate court to adjudge him mentally ill. Springstead appeared at the probate court hearing with counsel, who cross-examined witnesses, and Springstead and appellant testified in opposition to the petition. No attack was made on the validity of service in this probate court hearing.

Appellant contends that Springstead had committed no offense justifying an arrest and that he

was illegally detained in the Berrien county jail and, therefore, personal service of notice of hearing while so detained would not be sufficiently valid to support a mental commitment order.

Appellant does not cite Michigan decisions to sustain his contention but does cite cases from other jurisdictions where the abuse of criminal procedure consisted of bringing the person into a jurisdiction for the purpose of obtaining civil process or the exercise of fraudulent extradition proceedings for the same purpose. *Crusco* v. *Strunk Steel Co.,* 365 Pa 326 (74 A2d 142, 20 ALR2d 160); *Bowman* v. *Neblett* (Mo App), 24 SW2d 697; *Klaiber* v. *Frank,* 9 NJ 1 (86 A2d 679).

In each of the above cases the service was set aside as a fraud on the court. There is nothing in this record to sustain a claim that Springstead (a Berrien county resident) was arrested for the purpose of obtaining service sufficient to give the Berrien county probate court jurisdiction to determine whether Springstead was mentally ill.

This Court in *Steindler Paper Co.* v. *Charlevoix Circuit Judge,* 234 Mich 288, held that a person voluntarily in a county not of his residence, apprehended for crime then and there committed, is not exempt while in jail from service of civil process. We find the following in this opinion (pp 289, 290):

"Possibly we will better understand what is before us by first pointing out what is not before us. We have not a case where a defendant is brought into the State on rendition proceedings to answer a criminal charge and is then served with civil process. * * * Nor a case where a defendant is taken from the county where he resides into another under a criminal warrant and has after his release on bail been served with civil process; * * * nor where a party goes into another jurisdiction for the purpose of giving testimony; * * * nor where a

party is on his way home after having been arrested and let to bail and is served with process while consulting counsel in one of the counties through which he passes.  *  *  *  The case before us is one where a party voluntarily in a county not of his residence is apprehended for crime then and there committed and while in jail is served with civil process. So that the real question before us is this: Is one exempt from service of civil process while confined in jail under arrest for violation of the criminal law in a county where he has voluntarily gone for either business or pleasure, and while there by his conduct has subjected himself to such arrest and such arrest has been made before he leaves such county? The claim of exemption is based and must be based on the fact of his arrest and confinement in the county jail. Manifestly if he was not under arrest service of the process would be good beyond question, as the plaintiff is a resident of Charlevoix county. Does such arrest and confinement bring with it immunity from service of civil process?

"Counsel do not call our attention to any of our own cases which are directly in point and we do not find any. However, we think the question is settled by the text writers and the decisions of other courts in accordance with the holding of the circuit judge. In 21 RCL, Process, § 61, p 1314, it is said:

" 'The mere fact that a person is in jail or prison under a criminal charge or sentence furnishes no exemption against the service of civil process on him. An imprisoned person is subject to be sued and prosecuted to judgment, and proceeded against in all the modes prescribed by law to enforce civil remedies, the same as if he were at large.' "

The question of service of notice was not raised by appellant's counsel either before the probate court or in his petition for habeas corpus to test the validity of Springstead's commitment to the State hospital, filed in this Court on February 10, 1954. The service of notice in this case was valid.

Defendant challenges petitioner's right to determine by habeas corpus whether petitioner's sanity has been restored since commitment. CLS 1954, § 330.39 (Stat Ann 1956 Rev § 14.829), provides for the filing of a petition before the probate court by "any person who shall have been adjudged mentally ill (and who) desires to be declared to be again of sound mind."

Appellant, contending that he has the right by habeas corpus to show that the committed person is again of sound mind, cites *People* v. *Dubina,* 304 Mich 363 (145 ALR 886). In this case the defendant was found not guilty of the crime of murder but was committed to a hospital for the insane without a further hearing on the issue of his continuing insanity. This Court held that the amendment to the code of criminal procedure requiring commitment of a person acquitted of the crime of murder by reason of his insanity without a further hearing on the question of his sanity is not invalid as long as there is some available method or procedure by which the person committed can later have the question of sanity investigated and judicially determined (PA 1927, No 175, ch 6, §§ 15a–15d, as added by PA 1939, No 259).*

In *In re Haines,* 315 Mich 657, this Court held that in habeas corpus proceedings it was not within the province of the Supreme Court to determine whether petitioner was insane at the time of commitment or whether he had regained sanity after commitment.

We agree with the appellee that habeas corpus is not available in this cause to determine whether the patient admitted to a State hospital on order of probate court has recovered his sanity, and that the appropriate remedy to test that question is statu-

---

* See, currently, CL 1948, § 766.15c (Stat Ann 1954 Rev § 28.933 [3]).—Reporter.

tory and lies in a petition addressed to the probate judge who committed him.

The order of the court below is affirmed.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, CARR, and BLACK, JJ., concurred.

VOELKER, J., took no part in the decision of this case.