BILLINGSLEY *v.* BIRZGALIS

1. HABEAS CORPUS—FUNCTION—DETENTION.

The writ of habeas corpus functions to test the legality of the detention of any person who is deprived of his liberty.

2. HABEAS CORPUS—DETENTION—MOOT QUESTION.

Statutory status of a person on convalescent leave from Ionia State Hospital as being in legal custody of medical superintendent of the hospital and subject to control of the superintendent is a sufficient restraint of the person's liberty that a habeas corpus action to inquire into the legality of his detention is not rendered moot (MCLA § 330.37a).

3. HABEAS CORPUS — ACQUITTAL — INSANITY — DETENTION — MENTAL INSTITUTION.

Persons found to be innocent of crime by reason of insanity may properly test the validity of their subsequent commitment to a state mental institution, regardless of whether they are domiciled in the institution itself or have leave of absence or convalescent status, by an action for habeas corpus (MCLA §§ 330.372, 767.27b, 600.4307).

4. HABEAS CORPUS—SCOPE—STATUTE.

An action for habeas corpus to inquire into the cause of detention may be brought by or on behalf of *any* person restrained of his liberty in Michigan under *any* pretense whatsoever (MCLA § 600.4307).

5. HABEAS CORPUS—STATUTORY REMEDY—LEGISLATIVE INTENT.

Omission of express provision for remedy of habeas corpus to test legality of detention in amended statute providing for automatic commitment of one acquitted of crime by reason

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5] 39 Am Jur 2d, Habeas Corpus § 8 *et seq.*
[2, 3] 39 Am Jur 2d, Habeas Corpus § 86 *et seq.*

of insanity to Department of Mental Health does not show legislative intent to restrict such a person to pursuit of the statutory release proceeding in the statute where other statutes and general court rules expressly provide for habeas corpus proceedings to test the issue of sanity (MCLA §§ 600-.4307, 600.4322, 767.27b; GCR 1963, 712.18).

Appeal from Ionia, Leo B. Bebeau, J. Submitted Division 1 November 6, 1969, at Detroit. (Docket No. 5,886.) Decided November 26, 1969.

Complaint by Robert E. Billingsley for a writ of habeas corpus to challenge his custody by defendants A. A. Birzgalis, Medical Superintendent of Ionia State Hospital and William H. Anderson, Director of Michigan Department of Mental Health. Complaint dismissed. Plaintiff appeals. Reversed and remanded.

*Martin S. Baum,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James J. Wood,* Assistant Attorney General, for defendants.

Before: LESINSKI, C. J., and HOLBROOK and QUINN, JJ.

PER CURIAM. After a Wayne County Circuit Court jury found plaintiff not guilty, by reason of insanity, of unlawfully driving away an automobile,[1] he was ordered committed to the Department of Mental Health pursuant to the "automatic commitment statute."[2] The department placed plaintiff in the Ionia State Hospital where he remained until

---

[1] MCLA § 750.413 (Stat Ann 1954 Rev § 28.645).
[2] MCLA § 767.27b (Stat Ann 1969 Cum Supp § 28.966[12]).

November, 1968, when he was released on convalescent status.[3]

The present appeal arose in June, 1968, after plaintiff's petition for habeas corpus was denied by the Ionia County Circuit Court on the ground that the existence of a statutorily provided judicial remedy for release from the state hospital precluded resort to habeas corpus.

Historically, the function of the great writ of habeas corpus has been to test the legality of the detention of any person restrained of his liberty. *Jones v.*

---

[3] The statute by which plaintiff's conduct is now controlled is MCLA § 330.37a (Stat Ann 1956 Rev § 14.827[1]):

"Every such patient while on leave of absence or convalescent status shall remain in the legal custody of the medical superintendent of the mental hospital from which he is on leave of absence or convalescent status and shall be subject at any time to be taken back within the enclosure of said hospital for any reason that may be satisfactory to the medical superintendent and full power to retake and return any such leave of absence or convalescent status patient to the mental hospital from which he was allowed to go at large is hereby expressly conferred upon the medical superintendent of such hospital whose written order shall be a sufficient warrant commanding all peace officers to take into custody and hold him for officers or agents of said hospital or the sheriff or his deputy. It shall be the duty of the sheriff, upon request of any peace officer who has taken into custody any such leave of absence or convalescent status patient, to receive and confine in the county jail such leave of absence or convalescent status patient until he is returned to the institution, in accordance with the directions or orders of the superintendent of such institution from which he was on leave of absence or convalescent status or permitted to go at large. Said written order or warrant shall describe, with reasonable certainty, the person or persons to be apprehended and shall, in a general way, indicate the abnormal or mentally ill tendencies possessed by such person. Female patients, while being returned by the sheriff or the agents of the institution to the hospital from which they were permitted to go at large, shall be accompanied by a matron. No peace officer shall incur any civil liability by reason of his executing any such warrant: Provided, That he exercise reasonable care and diligence in the premises.

"Any peace officer may apprehend and take into custody any escaped or leave of absence or convalescent status patient from a mental hospital or institution, upon being advised by the medical superintendent thereof that he is issuing a written order for the apprehension of any such leave of absence or convalescent status patient, and it appear that such patient has either demonstrated dangerous tendencies or is likely to flee from the jurisdiction of such peace officer unless immediately apprehended."

*Cunningham* (1963), 371 US 236 (83 S Ct 373, 9 L Ed 2d 285, 92 ALR2d 675), (construing Federal habeas corpus act, 63 Stat 105, 28 USCA § 2241). We do not find Michigan law to be otherwise. An examination of the statute under which plaintiff's status is now controlled (*supra,* note 3) convinces us that he is, in fact, sufficiently restrained of his liberty to prevent dismissal of the instant appeal. We do not find the appeal to be moot as a result of the plaintiff's release to convalescent status.[4]

The statute we are called upon to construe in this case was recently enacted by our legislature. It provides:

"Any person, who is tried for a crime and is acquitted by the court or jury by reason of insanity, shall be committed immediately by order of the court to the department of mental health for treatment in an appropriate state hospital, until discharged in accordance with Act No 151 of the Public Acts of 1923, as amended. The person shall not be released on convalescent care or final discharge without first being evaluated and recommended for release by the center for forensic psychiatry." MCLA § 767.27b (Stat Ann 1969 Cum Supp § 28.966[12]).

Previously, one acquitted by reason of insanity of a crime other than murder, and committed to the Ionia State Hospital, was expressly provided with the remedy of habeas corpus to test his detention.[5] It is

---

[4] The convalescent order of the Department of Mental Health placed the following restrictions upon plaintiff:

1. He must report periodically to the Cleveland State Hospital (he was released to the care of relatives in the Cleveland, Ohio area).

2. He may not travel outside a 50 mile radius of Cleveland, Ohio without permission.

3. He may not marry.

4. He may not drink alcoholic beverages.

5. He may not change his residence or employment without first obtaining permission from the Cleveland State Hospital.

[5] CL 1948, § 767.27 (Stat Ann 1954 Rev § 28.967).

defendant's contention that the omission of this express remedy in the amended act was an expression of legislative intent as to the procedure one in plaintiff's position must follow to secure his release. We disagree.

The habeas corpus act, MCLA § 600.4307 (Stat Ann 1962 Rev § 27A.4307), reads in part as follows:

"An action for habeas corpus to inquire into the cause of detention may be brought by or on the behalf of any person restrained of his liberty within this state under any pretense whatsoever."

A later section of this act defines "prisoner," as used in connection with habeas corpus as: "the person on whose behalf the writ is issued, such as an inmate of a * * * mental institution."[6] This act stands unrepealed and has application to the plaintiff's case.

Finally, unlike prior practice, the general court rules now expressly provide for sanity hearings upon habeas corpus petitions. GCR 1963, 712.18; *cf. In re Springstead* (1957), 347 Mich 688.[7]

It is clear that both the legislature and the Supreme Court contemplate the use of habeas corpus in a case such as the one at bar.

We therefore reverse and remand the case for proceedings not inconsistent with this opinion. Because of this determination we find it unnecessary to reach the constitutional questions raised by plaintiff.

---

[6] MCLA § 600.4322 (Stat Ann 1962 Rev § 27A.4322).

[7] See, also, 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), comment 4 to GCR 1963, 712.18, pp 165, 166.