UCHWAT *v.* U-HAUL RENT-A-TRUCK

1. LIMITATION OF ACTIONS—DEFENSES—STATUTE OF LIMITATIONS—
TOLLING OF STATUTE.

Delivering the original of the summons and copies of the complaint and summons to the Wayne County Sheriff for immediate service upon corporation defendants was sufficient to toll the statute of limitations on a cause of action arising in Wayne County even though personal service could not reasonably be calculated to be accomplished by the Wayne County Sheriff because he could not personally serve the defendants, residents of Oakland County, unless one of defendants' officers came to Wayne County (MCLA § 600.5856, GCR 1963, 105.4).

2. LIMITATION OF ACTIONS—TOLLING OF STATUTE—GOOD FAITH
REQUIREMENTS—STATUTE OF LIMITATIONS.

Plaintiffs acted in compliance with the "good faith" requirements of the tolling statute when plaintiffs' counsel filed action prior to the running of the statute of limitations in Wayne County where the defendants resided at the time of the accident, when actually the defendants were Oakland County residents at the time the action was filed (MCLA § 600.5856).

3. PROCESS—SERVICE OF PROCESS—COURT RULES—SPECIAL APPEARANCE—RESPONSIVE PLEADINGS—WAIVER.

The court rules make no provision for the filing of a special appearance to attack service of process, the issue must be raised in the party's first responsive pleadings or by motion filed not later than the first responsive pleadings or it is waived (GCR 1963, .111.3, 116.1, 116.2).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]    51 Am Jur 2d, Limitation of Actions § 213.
Tolling of statute of limitations where process is not served before expiration of limitation period, as affected by statutes defining commencement of action, or expressly relating to interruption of running of limitations.    27 ALR2d 236.
[3]    51 Am Jur 2d, Limitation of Actions § 430 *et seq.*

Appeal from Wayne, Victor J. Baum, J. Submitted Division 1 May 7, 1970, at Detroit. (Docket No. 7618.) Decided December 3, 1970.

Complaint by Henry and Jean Uchwat against U-Haul Rent-A-Truck and Star Furniture Company for damages for personal injury. Defendants' motion for accelerated judgment denied. Defendants appeal. Affirmed.

*Kozlow, Jasmer & Woll* (by *Rudolph C. Vulpe*), for plaintiffs.

*Feikens, Dice, Sweeney & Sullivan,* for defendant U-Haul Rent-A-Truck Company.

*Alexander, Buchanan & Conklin* (by *Perry J. Seavitt*), for defendant Star Furniture Company.

Before: V. J. BRENNAN, P. J., and McGREGOR and AGER,* JJ.

PER CURIAM. Defendants appeal from a denial of a motion for accelerated judgment.

The record discloses that an alleged cause of action for personal injury arose on August 23, 1965, when the defendants herein were residents of Wayne County. On August 19, 1968, five days prior to the expiration of the statute of limitations,[1] the plaintiffs' counsel started suit in the Wayne County Circuit Court and placed a summons and a copy of the complaint in the hands of the sheriff of Wayne County for immediate service.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805) provides for a three-year statute of limitations.

On August 29, 1968, plaintiffs' counsel was notified by the office of the sheriff of Wayne County that both defendants resided in Oakland County and that service could not therefore be made by that office. On that date, after learning this information, plaintiffs' counsel mailed a copy of the summons and the complaint to the sheriff of Oakland County for immediate service upon the defendants. The original summons and complaint were left with the sheriff of Wayne County and the copies sent to the sheriff of Oakland County did not bear the seal of the Wayne County Circuit Court nor the signature of the clerk of the court. The documents were received by the sheriff of Oakland County on September 3, 1968, and served upon the defendants that same day.

Defendants' first argument on appeal is that the statute of limitations was not tolled under MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856)[2] when plaintiffs' counsel placed the summons and complaint in the hands of the sheriff of Wayne County, who could not serve defendants because they were residents of Oakland County.

At the time suit was commenced, the plaintiffs believed that the defendants were Wayne County residents, as they were at the time of the accident, having moved to Oakland County prior to the day suit was filed. On August 19, 1968, prior to the running of the statute of limitations, plaintiffs' counsel filed a copy of the summons and complaint with the sheriff of Wayne County for immediate service.

---

[2] The tolling statute provides:

"The statutes of limitations are tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter".

The trial court found that "there had been a continuity of process and due diligence on the part of plaintiffs acting herein in good faith". This Court is of the opinion that the above facts established sufficient compliance with the "good faith" requirements of the statute to support the trial court's finding. The fact that personal service could not reasonably be accomplished by the sheriff of Wayne County is not fatal to the operation of the tolling statute. *Bratton* v. *Trojan Boat Co.* (1969), 19 Mich App 236.

The determination as to whether the statute is tolled must be made as of the time the papers are placed in the hands of the sheriff for service, and should not depend on what occurs after this takes place. The statute does not require the summons to be placed in the hands of the sheriff of the county in which the defendant resides. If any of defendants' officers listed in GCR 1963, 105.4 had entered Wayne County and had been served during the 90 day period, there would be good service. It can even be argued that the Wayne County Sheriff could obtain service on the defendant corporations under MCLA § 600.582 (Stat Ann 1962 Rev § 27A.582).[3]

Defendants' second argument regarding the insufficiency of the service of process by the sheriff of Oakland County, due to the failure to obtain the Wayne County Circuit Court seal and the Wayne County Clerk's signature, lacks merit as that issue was not raised in defendants' first responsive pleading and is thus waived.

The present court rules make no provision for the filing of a special appearance to attack service of

---

[3] The statute provides: "The sheriff and his deputies (a) are officers of the circuit court for the purpose of executing the process of the court; (b) may execute all lawful orders and process of the court in any county of the state".

process as permitted under the previous court rules. Under the present rules, the issue must be raised in the party's first responsive pleadings or by motion filed not later than the first responsive pleadings or it is waived.   (See GCR 1963, 111.3, 116.1, 116.2.)

Affirmed.   Costs to plaintiffs.