CROSS v DEPARTMENT OF CORRECTIONS

Docket No. 46210. Submitted June 10, 1980, at Lansing.—Decided
February 3, 1981. Leave to appeal applied for.

Lemuel Cross, while incarcerated in a Federal corrections facility,
was convicted of armed robbery in a Michigan circuit court. In
imposing sentence, the judge stated that the sentence was to
run concurrently with the Federal sentence and that there
would be no necessity for Cross to return to Michigan. Subse-
quently, Cross was released from the custody of the Federal
prison and placed on parole. After his release, Cross was taken
into custody of the Michigan Department of Corrections and
incarcerated in a state prison.

Cross filed a complaint for habeas corpus against the Depart-
ment of Corrections in Jackson Circuit Court, alleging that his
continued incarceration in the state prison system was unlaw-
ful because it extended the period of imprisonment beyond that
specified by the sentencing judge. Russell E. Noble, J. issued an
order instructing the Department of Corrections to release
Cross. The Department of Corrections appeals. *Held:*

1. The Department of Corrections filed a general appearance
and did not raise the issue of improper service. Failure to
object to improper service in its first responsive pleading consti-
tutes a waiver of that objection.

2. The Department of Corrections is the proper party defen-
dant for this habeas corpus suit since the Department of
Corrections has jurisdiction over and authority to control the
activities in penal institutions of this state. It is the policy of
the state of Michigan that petitions for writs of habeas corpus

REFERENCES FOR POINTS IN HEADNOTES
[1] 62 Am Jur 2d, Process § 161.
[2] 62 Am Jur 2d, Process § 162.
[3] 60 Am Jur 2d, Penal and Correctional Institutions § 4.
[4] 39 Am Jur 2d, Habeas Corpus § 4.
[5] 39 Am Jur 2d, Habeas Corpus § 107.
[6] 39 Am Jur 2d, Habeas Corpus § 1.
[7] 39 Am Jur 2d, Habeas Corpus § 156.
[8] 21 Am Jur 2d, Criminal Law § 569.
[9] 5 Am Jur 2d, Appeal and Error § 976.

be liberally construed such that they cannot be disobeyed for any defect of form.

3. Cross may properly test the validity of his incarceration pursuant to an action for a writ of habeas corpus since he is not challenging his conviction or sentence, but challenging the authority of the Department of Corrections to continue his incarceration. This habeas corpus proceeding is not serving as a review of the merits of a criminal conviction or a substitute for an appeal. The habeas corpus proceeding fully comports with the function of the writ, to test the legality of the detention of any person restrained of his liberty.

4. The trial judge intended that Cross was not to spend time in a Michigan prison and that his sentence on the state conviction was to be fulfilled at the completion of his Federal sentence. The lower court did not err in ordering the plaintiff released from the custody of the Department of Corrections.

Affirmed.

G. R. DENEWETH, J., concurred in part and dissented in part. He concurred with the result reached by the majority but would remand the case to the sentencing judge for correction of the ambiguous sentence imposed on Cross. The Court of Appeals should remand a case for resentencing where a trial judge imposes a sentence while laboring under a misconception of law. He would reverse the trial judge and remand *sua sponte* to the sentencing judge for further proceedings.

### OPINION OF THE COURT

1. PROCESS — SERVICE OF PROCESS — GENERAL APPEARANCE.

   A party who enters a general appearance and contests a cause on its merits submits to the jurisdiction of the court and waives all service of process objections.

2. PROCESS — SERVICE OF PROCESS — COURT RULES.

   Objections to improper service must be raised in a party's first responsive pleading and failure to so object constitutes waiver of the objection (GCR 1963, 111.3).

3. PRISONS AND PRISONERS — DEPARTMENT OF CORRECTIONS — JURIS-DICTION — STATUTES.

   The Department of Corrections has jurisdiction over, and authority to control, the activities in penal institutions of this state and has the primary responsibility over the well-being of incarcerated state prisoners whenever such prisoners are held in any penal institution over which the department has jurisdiction (MCL 791.204; MSA 28.2274).

4. HABEAS CORPUS — LIBERAL CONSTRUCTION — DEFECTS OF FORM —
   COURT RULES.
   Petitions for writs of habeas corpus are to be liberally construed
   such that they cannot be disobeyed for any defect of form (GCR
   1963, 712.11).

5. HABEAS CORPUS — SUBSTITUTE FOR APPEAL — CRIMINAL CONVIC-
   TIONS.
   Habeas corpus cannot serve as a substitute for an appeal and
   cannot be used to review the merits of a criminal conviction.

6. HABEAS CORPUS — FUNCTION OF WRIT.
   The function of the writ of habeas corpus is to test the legality of
   the detention of any person restrained of his liberty.

7. HABEAS CORPUS — MITTIMUS — SUBSTANCE OF SENTENCE.
   It would be an injustice for the Court of Appeals to consider only
   the form of the mittimus and not the substance and intent of
   the sentence imposed when reviewing a petition for a writ of
   habeas corpus by an inmate who contends that he has served
   the full term of his imprisonment and does not challenge his
   conviction or sentence.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY G. R. DENEWETH, J.

8. CRIMINAL LAW — SENTENCING — MODIFICATION OF SENTENCE.
   *Once a trial judge imposes sentence in a criminal case and issues
   the mittimus, that judge has no further power to modify,
   change or vacate that sentence.*

9. APPEAL — CRIMINAL LAW — RESENTENCING.
   *The Court of Appeals should remand a case for resentencing
   where a trial judge imposes a sentence while laboring under a
   misconception of law.*

*Hall, Andary & Bilicki, P.C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *J. Peter Lark,*
Assistant Attorney General, for defendant.

Before: T. M. BURNS, P.J., and BEASLEY and G. R.
DENEWETH,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

T. M. Burns, P.J. In 1977, at a time when he was serving a sentence for bank robbery in a Federal corrections facility, plaintiff Lemuel Cross was convicted of armed robbery by a Michigan court. On April 8, 1977, he was sentenced to a term of 6 to 20 years for the Michigan conviction. In imposing sentence, the judge stated:

"I'm writing the State prison authorities and I will check, counsel, possibly we'll have to write the Federal authorities. We'll check into that. I'll write to the State prison authorities that it is the intention of this Court that this sentence run concurrent with the Federal sentence; he's to be given credit for 290 days, which will be—make this sentence in effect, retroactive to the date of the Federal sentence. It's this Court's desire that the sentence be completely concurrent and when he is done with the Federal sentence, he's not—no necessity for him to return to the State of Michigan. He could be placed on Federal probation, court probation, they wouldn't have to place him on probation."

In June, 1978, Cross was released from the custody of the Federal prison authorities and placed on parole. After his release, Cross was taken into the custody of the Michigan Department of Corrections and incarcerated in a state prison.

Cross filed the instant complaint for habeas corpus on May 2, 1979. Cross argued that his continued incarceration in the state prison system was unlawful because it extended the period of imprisonment beyond that specified by the sentencing judge. On June 29, 1979, a hearing was held on Cross's complaint. After reviewing the evidence, including a letter from the sentencing judge in which he stated that it was his intention "that the defendant was to be released under the Michigan sentence at the time he was released

from the Federal sentence", the Jackson County Circuit Court issued an order on July 16, 1979, instructing the Department of Corrections to release Cross. The defendant Department of Corrections now appeals as of right and we affirm.

We summarily reject the argument of the present defendant that the trial court did not acquire jurisdiction over it because process was not properly served pursuant to GCR 1963, 105. It appears from the record that the defendant filed a general appearance and at no time below raised the issue of improper service. A party who enters a general appearance and contests a cause on its merits submits to the jurisdiction of the court and waives all service of process objections. *Wright v Estate of Treichel,* 36 Mich App 33, 38; 193 NW2d 394 (1971). Further, as is prescribed in GCR 1963, 111.3, objections to improper service must be raised in a party's first responsive pleading. Failure to comply with this court rule constitutes waiver of the objection. *Uchwat v U-Haul Rent-A-Truck,* 28 Mich App 427; 184 NW2d 566 (1970). Thus, this issue has not been preserved for appellate review.

Defendant next argues that it is not the proper party to a habeas corpus suit. We disagree.

Pursuant to statute, the Department of Corrections has jurisdiction over, and authority to control, the activities in penal institutions of this state. MCL 791.204; MSA 28.2274. In *Green v Dep't of Corrections,* 386 Mich 459; 192 NW2d 491 (1971), the Michigan Supreme Court held that the department has the primary responsibility over the well-being of incarcerated state prisoners whenever such prisoners are held in any penal institution over which the department has jurisdiction. The department has consistently been named

a party in habeas corpus proceedings brought by state prisoners and its role in such proceedings has never been challenged by the appellate courts of this state. See, *Shadbolt v Dep't of Corrections,* 386 Mich 232; 191 NW2d 344 (1971), *Browning v Dep't of Corrections,* 385 Mich 179; 188 NW2d 552 (1971), *Elliott v Dep't of Corrections,* 343 Mich 681; 73 NW2d 298 (1955), *In re Evans,* 18 Mich App 426; 171 NW2d 499 (1969). Finally, we are not unmindful of the fact that it is the policy of this state that petitions for writs of habeas corpus be liberally construed such that they cannot be disobeyed for any defect of form. See, GCR 1963, 712.11.

We also reject defendant's contention that plaintiff may not test the validity of his incarceration pursuant to an action for a writ of habeas corpus.

Under the provisions of MCL 600.4307; MSA 27A.4307, an action for habeas corpus "to inquire into the cause of detention may be brought by or on the behalf of any person restrained of his liberty within this state under any pretense whatsoever, except as specified in § 4310 [MCL 600.4310; MSA 27A.4310]". In relevant part, § 4310 states:

"An action for habeas corpus to inquire into the cause of detention may not be brought by or on behalf of the following persons:

* * *

"(3) Persons convicted, or in execution, upon legal process, civil or criminal; * * *."

We are not persuaded by defendant's argument that these statutes preclude plaintiff from seeking habeas corpus relief. Rather, as was made evident by this Court in *People v Price,* 23 Mich App 663, 669; 179 NW2d 177 (1970), "[t]his statutory prohi-

bition is generally consonant with often-repeated judicial declarations that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction".

Plaintiff, in this case, concedes that he was validly convicted and sentenced, and he does not challenge his conviction or sentence in this appeal. Rather, through this action for habeas corpus he seeks to test the authority of the Department of Corrections to continue his incarceration in light of his argument that he has served the full term of his imprisonment. Furthermore, plaintiff's use of habeas corpus in this case fully comports with the function of that writ, which is to "test the legality of the detention of any person restrained of his liberty". *Billingsley v Birzgalis,* 20 Mich App 279, 281; 174 NW2d 17 (1969).

In *Billingsley* this Court held that the relief available under a writ of habeas corpus in Michigan courts is not more restrictive than that which the United States Supreme Court has deemed available under Federal writs of habeas corpus. In *Preiser v Rodriguez,* 411 US 475; 93 S Ct 1827; 36 L Ed 2d 439 (1973), the Supreme Court specifically declared that habeas corpus was the proper vehicle by which to challenge the duration of a physical confinement. In light of the foregoing, we remain unpersuaded by defendant's third argument in this appeal.

Finally, we reject defendant's argument that plaintiff was validly sentenced to a term of 6 to 20 years imprisonment and within the parameters of that sentence he must be returned to prison to await release within the discretion of the parole board. The sentencing judge made abundantly clear at sentencing that plaintiff was to spend no

time in a Michigan prison and that his state sentence was to be fulfilled at the completion of his Federal sentence. It would be an injustice for us to consider only the form of the mittimus, which merely states that defendant is to be incarcerated for 6 to 20 years, and not the substance and intent of the sentence imposed upon plaintiff. If we were to accept defendant's interpretation of plaintiff's sentence we would effectively negate the purpose of plaintiff's Federal parole and deny to plaintiff the rehabilitative opportunities that it provides. Thus, because the sentencing judge's intent was clear and because we perceive that it does serve a valid purpose, we affirm the lower court's issuance of the writ of habeas corpus. The lower court did not err in ordering plaintiff released from defendant's custody.

Affirmed.

Beasley, J., concurred.

G. R. Deneweth, J. *(concurring in part and dissenting in part).* I agree with the result reached by the majority, but I disagree with the reasoning by which it has been reached.

As is well established, once a trial judge imposes sentence in a criminal case and issues its mittimus, that judge has no further power to modify, change or vacate that sentence. See *People v Fox,* 312 Mich 577, 581-582; 20 NW2d 732 (1945).

The case at bar concerns itself with rectifying what is plainly an ambiguous sentence. The applicable rule is clearly spelled out in *People v Mauch,* 23 Mich App 723; 179 NW2d 184 (1970), and *People v Daniels,* 69 Mich App 345; 244 NW2d 472 (1976). We may remand a case for resentencing where a trial judge imposes a sentence while laboring under a misconception of law.

In this case, the sentencing judge imposed a sentence under the erroneous impression that it would expire on the termination of a concurrent Federal sentence. That is clearly not the law. The matter should be resolved by remanding it to Judge Agar for correction of what obviously is an incorrect sentence. To do what the majority suggests flies directly in the face of well-established law and can only serve to set an ambiguously bad precedent.

I would reverse the trial judge and remand *sua sponte* to Judge Agar for further proceedings consistent with this opinion.