**Kenneth David CALEY, Petitioner,**

**v.**

**William J. HUDSON, Respondent.**

**No. 90–CV–72379–DT.**

United States District Court,
E.D. Michigan, S.D.

March 8, 1991.

Kenneth David Caley, pro se.

K. Davison Hunter, Office of the Atty. Gen., Appellate Div., Habeas Corpus Div., Lansing, Mich., for respondent.

## MEMORANDUM OPINION AND ORDER

DUGGAN, District Judge.

Petitioner, Kenneth David Caley, at the time an inmate at the Lakeland Correctional Facility of the Michigan Department of Corrections, filed a petition for writ of habeas corpus on August 13, 1990, challenging his confinement for parole violation on the ground that the Michigan Parole Board denied him a revocation hearing by relying on an unconstitutional provision of state law, namely Mich.Comp.Laws § 791.240a(1). This section provides, in part, that parolees subsequently convicted of a crime are not entitled to a revocation hearing. Petitioner seeks to avail himself of an opinion by Judge Robert Holmes Bell of the Western District which holds that this scheme violates procedural due process and that the federal court would order the Parole Board to hold a proper revocation hearing in such a case. *Witzke v. Withrow,* 702 F.Supp. 1338 (W.D.Mich.1988).

On November 14, 1990, respondent, via the Michigan Attorney General, filed a brief in opposition to the habeas petition arguing that petitioner had not exhausted available state remedies and that his petition should be dismissed. Subsequent to this, both parties filed subsequent pleadings arguing their positions.

After reviewing each party's arguments, this Court concludes that petitioner's habeas petition must be dismissed for failure to exhaust available state remedies.

In his petition and his subsequent pleadings, petitioner has not shown that he has exhausted the available state remedies for redress of the conduct which forms the basis of his habeas petition. Specifically, petitioner has not shown that he sought redress of his claim via a state habeas corpus proceeding.[1]

Rather, petitioner argues that a state habeas corpus proceeding was not available to him as an avenue to challenge the revocation of his parole. In support of this argument petitioner mainly relies upon Mich.Comp.Laws § 600.4310 and *Witzke v. Withrow,* 702 F.Supp. 1338 (W.D.Mich. 1988).

Section 600.4310 provides in relevant part:

An action for habeas corpus to inquire into the cause of detention may not be brought by or on behalf of the following persons:

(3) Persons convicted, or in execution, upon legal process, civil or criminal.

*Witzke* is not persuasive. While the court in *Witzke* did entertain a habeas petition even though it had not been first considered by the state court, the court, in doing so, clearly indicated that the petitioner had sought relief in the Michigan Court of Appeals and that the clerk of the Court twice refused to accept petitioner's application.[2] The *Witzke* court concluded: "On

---

1. The Court recognizes that the regular method of challenging a Parole Board determination is to institute an action under the Michigan Administrative Procedures Act ("APA"). *See Penn v. Department of Corrections,* 100 Mich.App. 532, 298 N.W.2d 756 (1980), *lv. den.,* 411 Mich. 858 (1981). However, the APA requires that appeals from Board rulings be made within 60 days of the ruling. *Cf. Witzke v. Withrow,* 702 F.Supp. 1338, 1349 (W.D.Mich.1988). *See also* Mich.Comp.Laws § 24.304(1) (petitions for re-

view must be filed within 60 days). It is uncontested in the present case that petitioner failed to seek review of the Board's decisions within 60 days of its ruling.

2. Mr. Rasdale, the assistant clerk of the Court of Appeals testified in *Witzke* that he refused the filings because in his opinion Mich.Comp.Laws § 600.4310 precluded Mr. Witzke from applying to the Court of Appeals for habeas relief. In view of the Michigan Court of Appeals' deci-

the record in this case, I conclude that habeas corpus is not a reasonably available remedy to petitioner under Michigan law." *Witzke* at 1350.

This Court believes that an individual who feels aggrieved because his parole has been revoked in violation of his constitutional rights has an avenue of relief available to him in the Michigan courts.

In *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985), the Michigan Court of Appeals stated:

The Supreme Court has recognized that the review of a parole revocation decision is permissible upon a complaint for habeas corpus. *In re Casella*, 313 Mich 393; 21 NW2d 175 (1946). Moreover, there is no limitation on the time in which a complaint for habeas corpus must be filed, as long as the prisoner will be in custody at the time judgment becomes effective. *In re Rankin*, 330 Mich 91; 47 NW2d 28 (1951). The limitations on judicial review set forth in the APA do not take precedence over or supplant the virtually unlimited right to file a complaint for a writ of habeas corpus. Pursuant to Article 1, § 12, of the Michigan Constitution, a writ of habeas corpus is of paramount authority and its power is supreme. *People v. McCager*, 367 Mich 116; 116 NW2d 205 (1962). If the APA were intended so as to interfere with a prisoner's right to bring an action for a writ of habeas corpus, it would be unconstitutional. Therefore, plaintiff's failure to seek relief in the circuit court within 60 days of the revocation of his parole did not deprive the circuit court of jurisdiction to review the merits of plaintiff's arguments upon a writ of habeas corpus.

*Id.*, 142 Mich.App. at 779, 371 N.W.2d 862.

In *Cross v. Department of Corrections*, 103 Mich.App. 409, 303 N.W.2d 218 (1981),

the Michigan Court of Appeals, in a case analogous to the present matter, stated:

Under the provisions of MCL 600.4307; MSA 27A.4307, an action for habeas corpus "to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this state under any pretense whatsoever, except as specified in § 4310 [MCL 600.4310; MSA 27A.4310]". In relevant part, § 4310 states:

"An action for habeas corpus to inquire into the cause of detention may not be brought by or on behalf of the following persons:

\* \* \* \* \* \*

"(3) Persons convicted, or in execution, upon legal process, civil or criminal. \* \* \*."

We are not persuaded by defendant's argument that these statutes preclude plaintiff from seeking habeas corpus relief. Rather, as was made evident by this Court in *People v. Price*, 23 Mich App 663, 669; 179 NW2d 177 (1970), "[t]his statutory prohibition is generally consonant with often-repeated judicial declarations that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction."

Plaintiff in this case, concedes that he was validly convicted and sentenced, and he does not challenge his conviction or sentence in this appeal. Rather, through this action for habeas corpus he seeks to test the authority of the Department of Corrections to continue his incarceration in light of his argument that he has served the full term of his imprisonment. Furthermore, plaintiff's use of habeas corpus in this case fully comports with the function of the writ, which is to "test the legality of the detention of any person restrained of his liberty". *Billings-*

sions in *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985) and *Cross v. Department of Corrections*, 103 Mich.App. 409, 303 N.W.2d 218 (1981), this Court cannot understand why a clerk of the Michigan Court of Appeals would not accept a petition for filing. Furthermore, the Attorney General for the State

of Michigan, who would represent the defendant/respondent in such a case agrees that a petition seeking the relief being sought by this petitioner could be heard by the Michigan courts. See Respondent's Brief in Opposition to Petition for Writ of Habeas Corpus.

*ley v. Birzgalis,* 20 Mich App 279, 281; 174 NW2d 17 (1969).

In *Billingsley* this Court held that the relief available under a writ of habeas corpus in Michigan courts is not more restrictive than that which the United States Supreme Court has deemed available under Federal writs of habeas corpus. In *Preiser v. Rodriquez,* 411 US 475; 93 S Ct 1827; 36 L Ed 2d 439 (1973), the Supreme Court specifically declared that habeas corpus was the proper vehicle by which to challenge the duration of a physical confinement.

*Id.,* 103 Mich.App. at 414–15, 303 N.W.2d 218.

This Court finds *Cross'* reasoning applicable to the present matter. In the case at bar, petitioner is not challenging his conviction or sentence. Rather, he is challenging the authority of respondent to continue his incarceration in light of his argument that the parole revocation procedure was unconstitutional. In sum, petitioner is testing the legality of his detention and the state habeas corpus procedures are fully available to him, notwithstanding § 600.4310. *Cross,* 103 Mich.App. at 415, 303 N.W.2d 218.[3]

If this Court were to accept petitioner's interpretation of the *Witzke* holding, not only would a prisoner contesting a parole revocation be precluded from seeking state habeas corpus relief but state court relief would also be unavailable to a prisoner who was being kept in prison beyond his sentence term. Such an outcome is untenable and, is not consistent with the intent of the Michigan habeas corpus statute.

As petitioner has available to him a state remedy in the form of a state habeas corpus action, and as petitioner has failed to exhaust such remedy, this Court must deny petitioner's habeas corpus petition. *Ex Parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). *See also* 28 U.S.C. § 2254(b) and (c).

Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DENIED.

**3.** Only if petitioner were challenging his sentence or conviction, would § 600.4310 serve as a bar to his use of the state habeas corpus procedures. *See People v. Price,* 23 Mich.App. 663, 669, 179 N.W.2d 177 (1970) ("[t]his statutory prohibition is generally consonant with often-repeated judicial declarations that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction").