*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT L. HARRINGTON,

　　　　　Plaintiff-Appellant,

v

CHIPPEWA CORRECTIONAL FACILITY
WARDEN,

　　　　　Defendant-Appellee.

UNPUBLISHED
October 28, 2021

No. 355041
Chippewa Circuit Court
LC No. 19-015491-AH

Before: RONAYNE KRAUSE, P.J., and CAMERON and RICK, JJ.

PER CURIAM.

In this writ of habeas corpus claim to inquire into cause of detention, plaintiff appeals as of right the trial court's opinion denying his writ of habeas corpus under MCR 3.303. We affirm.

This case arises out of plaintiff's five convictions of assault with intent to murder, MCL 750.83; one conviction of second-degree murder, MCL 750.317; one conviction of arson, MCL 750.73; and one conviction of possession of a firearm during the commission of a felony, MCL 750.227b. *People v Harrington*, unpublished per curiam opinion of the Court of Appeals, issued May 19, 2000 (Docket No. 202467), p 1 (*Harrington I*).[1] Plaintiff was found guilty but mentally ill, MCL 768.36, of these convictions after a retrial. *Id*.

On June 11, 1982, plaintiff "walked into the offices of the law firm of Bell and Hudson" and "carried with him a shotgun, a pistol, and a glass jar containing gasoline." *Harrington v*

---

[1] Plaintiff was sentenced to 66 years and 8 months to 100 years' imprisonment for his conviction of second-degree murder, 50 to 90 years' imprisonment for each of his convictions of assault, and 5 to 10 years' imprisonment for his conviction of arson, all to be served concurrently. *Harrington v McKee*, unpublished opinion of the United States District Court for the Western District of Michigan, issued November 4, 2008 (Case No. 1:05-cv-468), p 1 (*Harrington II*). Plaintiff also received a two-year sentence for his conviction of possession of a firearm during the commission of a felony to be served consecutive to his other sentences. *Id*.

-1-

*McKee*, unpublished opinion of the United States District Court for the Western District of Michigan, issued November 4, 2008 (Case No. 1:05-cv-468), p 1 (*Harrington II*). Plaintiff had previously hired the law firm to represent him in a dispute with his insurance company. *Id.* When he did not receive a favorable ruling, he went to the law office to demand money that he believed he was owed. *Id.* Plaintiff started shooting indiscriminately into the office when he was told that the office did not have his money. *Id.* Plaintiff killed one person and injured five others. *Id.* He also set fire to the law offices using the gasoline that he brought with him. *Id.*

Plaintiff was convicted on eight counts, but subsequently appealed and was granted a retrial because the trial court failed to properly instruct the jury regarding his defense of legal insanity. Plaintiff was again convicted on the eight counts during his retrial. Plaintiff appealed his convictions again, but this Court affirmed the jury's finding. *Harrington I*, unpub op at 2. Plaintiff moved for relief from judgment pursuant to MCR 6.500 *et seq.*, and was denied by the trial court. Plaintiff applied for leave to appeal the trial court's denial, and this Court denied plaintiff's application because he failed to show good cause and actual prejudice pursuant to MCR 6.508(D). Plaintiff then filed a writ of habeas corpus to the United States District Court in the Western District of Michigan and was denied. *Harrington II*, unpub op at 1. In the instant case, plaintiff filed a separate writ of habeas corpus with the trial court and argued that, because the prosecution failed to submit a valid information during his preliminary examination, the trial court lacked jurisdiction over his criminal case. The trial court denied plaintiff's writ for habeas corpus and stated:

> To summarize [*People v Price* 23 Mich App 663, 669-670; 179 NW2d 177 (1970)] in a nutshell you must have: 1. A radical defect in jurisdiction; and 2. That defect must contravene an express legal requirement in existence at the time of the act or omission. Asserting that an express legal requirement was unfulfilled does not by itself make a radical defect in jurisdiction. In fact, there was no radical defect in jurisdiction found in the *Price* case, and the error that was asserted should have been counsel at the juvenile waiver hearing, based upon the US Supreme Court's decision [*In] re Gault* 387 US 1[; 87 S Ct 1428; 18 L Ed 2d 527] (1967). Because the *Gault* decision was not in effect when the waiver hearing took place, it was determined that it did not prevent the Recorder's Court from obtaining jurisdiction.

> In *Cross v [Dep't] of Corrections*, [103 Mich App 409, 415; 303 NW2d 218 (1981),] the Court pointed out that a writ of habeas corpus is not a substitute for an appeal of a criminal conviction. . . . .

> The Petitioner is clearly asking this Court to review his criminal conviction that took place before the Recorder's Court and make an appellate style ruling setting aside his conviction.

> \* \* \*

> Following [*People v Goecke*, 457 Mich 422, 458-459; 579 NW2d 862 (1998)], jurisdiction is not lost based on improper information, and subject matter jurisdiction remains.

-2-

Plaintiff now appeals the trial court's denial of his writ of habeas corpus.

"This Court reviews de novo the interpretation and application of a statute as a question of law." *Jones v Dep't of Corrections*, 468 Mich 646, 651; 664 NW2d 717 (2003). Questions of constitutional law are also reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). De novo review requires independent review of the issues, with no required deference to the trial court. *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019).

"A prisoner's right to file a complaint for habeas corpus relief is guaranteed by Const 1963, art 1, § 12," as well as MCL 600.4304. *Moses v Dep't of Corrections*, 274 Mich App 481, 484; 736 NW2d 269 (2007). "The object of the writ of habeas corpus is to determine the legality of the restraint under which a person is held." *Id*. at 485 (cleaned up). A convicted person qualifies for habeas corpus relief when the "convicting court was without jurisdiction to try the defendant for the crime in question." *Id*. at 486 (cleaned up). "Moreover, to qualify for habeas corpus relief, the jurisdictional defect must be radical, rendering the conviction absolutely void." *Id*. "A radical defect in jurisdiction contemplates an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission." *Id*. (cleaned up). "Thus, while plaintiff may not use a habeas proceeding as a substitute for an appeal or to review the merits of his criminal conviction, plaintiff may assert a radical defect in the jurisdiction of the court in which his conviction was obtained." *Id*.

Plaintiff argues that the prosecution charged him with eight crimes without providing him with sworn written criminal complaints to inform him of the nature and cause for trial. Moreover, plaintiff argues that this alleged defect was radical and left the trial court without subject-matter jurisdiction, and without authority, to restrain him.

"It is a longstanding rule that defects in a court's subject-matter jurisdiction render a judgment void *ab initio*." *People v Washington*, ___ Mich ___, ___; ___ NW2d ___ (2021) (Docket No. 160707); slip op at p 16. "Subject-matter jurisdiction is a legal term of art that concerns a court's authority to hear and determine a case." *Id*. at ___; slip op at 8. "This authority is not dependent on the particular facts of the case but, instead, is dependent on the character or class of the case pending." *Id*. at ___; slip op at 8 (cleaned up). "[W]e have recognized that circuit courts have subject-matter jurisdiction over felony cases." *Id*. at ___; slip op at 9.

"The dispositive question in determining whether a defendant was prejudiced by a defect in the information is whether the defendant knew the acts for which he or she was being tried so that he or she could adequately put forth a defense." *People v Waclawski*, 286 Mich App 634, 706; 780 NW2d 321 (2009). "MCR 6.112(G) places the burden on defendant to demonstrate prejudice and thus establish that the error was not harmless." *Id*. at 707.

"Once a preliminary examination is held and the defendant is bound over on any charge, the circuit court obtains jurisdiction over the defendant." *People v Unger*, 278 Mich App 210, 221; 749 NW2d 272 (2008). "Subject matter jurisdiction is presumed unless expressly denied by constitution or statute . . . ." *Goecke*, 457 Mich at 458. Additionally, "[h]aving once vested in the circuit court, personal jurisdiction is not lost even when a void or improper information is filed." *Id*. at 459.

Plaintiff has not demonstrated that the alleged deficiencies in the information presented to him by the prosecution during his preliminary examination resulted in prejudice. Moreover, plaintiff has not demonstrated that these alleged defects are radical and require relief pursuant to MCR 3.303. Plaintiff assumes that an alleged defect in the information is substantial enough to overcome the great weight of his conviction without demonstrating that he was not provided the same information before his jury trial. Additionally, even if plaintiff's argument is that he could not defend himself from the allegations because the prosecution did not provide him with the information regarding those allegations before his preliminary examination, plaintiff was convicted at a retrial, after he had already experienced a first jury trial in which the prosecution presented the same evidence.

Furthermore, defendant fails to demonstrate how the alleged defects in the information would render subject-matter jurisdiction void. Plaintiff allegedly not receiving the proper information before a preliminary examination is not sufficient to divest the trial court of the authority to hear and determine the case. See *Washington*, ___ Mich at ___; slip op at p 9 ("[C]ircuit courts have subject-matter jurisdiction over felony cases."). Subject-matter jurisdiction does not depend on the facts of the case, like whether plaintiff received the proper information at his preliminary examination, but rather the character and class of the case pending before the trial court. See *id*. at ___; slip op at p 8.

Moreover, plaintiff has not cited any statutory or constitutional provision that would deny the trial court subject-matter jurisdiction in this case. See *Goecke*, 457 Mich at 458. Instead, plaintiff relies on federal caselaw to argue that a criminal charge only exists where there is a formal written complaint. "While the decisions of lower federal courts and other state courts are not binding on this Court, they may be considered as persuasive authority." *People v Walker (On Remand)*, 328 Mich App 429, 444-445; 938 NW2d 31 (2019) (cleaned up); see also *Abela v Gen Motors Corp*, 469 Mich 603, 606; 677 NW2d 325 (2004) ("Although state courts are bound by the decisions of the United States Supreme Court construing federal law, there is no similar obligation with respect to decisions of the lower federal courts." (cleaned up)).

Therefore, plaintiff's claim that he was denied due process because the prosecution did not provide him with complete information before his preliminary examination is without merit.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Thomas C. Cameron
/s/ Michelle M. Rick